ALBANY,
Jan. 1813.

BROWN
v.
VAN DEUZER.

---

## BROWN *against* VAN DEUZER.

IN ERROR, from the court of common pleas of *Orange* county. The plaintiff in error brought an action of debt in the court below, against one *Reynolds* and the defendant in error; and the former was returned not found, and the latter in custody, &c. The declaration was on a recognisance taken the 29th of *July,* 1809, before a justice, in the penalty of 50 dollars, to the plaintiff, and which recited that the plaintiff had sued *Reynolds*

An action of debt was brought on a recognisance taken on a plea of title, in a suit before a justice of the peace, the condition of which was, that if the plaintiff should

commence a suit in the next court of common pleas for the trespass, the defendant would appear, and put in special bail, in the court of C. P. in 20 days, &c. The plaintiff averred that he did commence an action of trespass in the next court of C. P., &c. *prout patet per recordum, &c.*

It was held, that whether the plaintiff did sue out a writ, returnable at the next court of C. P. or not, was a question of *fact,* to be tried by a jury, and not by record, notwithstanding the useless averment of *prout patet per recordum;* that the record of the C. P. was not conclusive, and could not estop the party to deny the fact, or prevent the plaintiff from proving it by *parol.*

ALBANY,
Jan. 1813.

BROWN
v.
VAN DEUZER.

before the justice, in an action of trespass, and that *R.* put in a plea of title, in writing; the condition of the recognisance was, that if *B.* should sue *R.* before the next court of common pleas, *R.* should appear and put in special bail, within 20 days after the first day of the next term of the court of common pleas, &c.; and the plaintiff averred that he did commence an action of trespass against *R.* in the next court of common pleas, &c. as by the *record thereof* remaining, &c. appears; and that *R.* did not appear and put in special bail, &c. whereby, &c. The defendant pleaded *nil debet*, to which a notice was subjoined that he would give in evidence at the trial, that the plaintiff, before the commencement of the suit, to wit, on the 1st of *September*, 1809, discharged the defendant of and from the recognisance, &c.

At the trial, the plaintiff proved, by the justice, the taking of the recognisance, and offered to prove the commencement of the suit in the common pleas, as stated in his declaration; and offered in evidence a record of the court of C. P. with a *placitum* of the 1st *Tuesday* of *September*, 1809; stating a *capias* issued, returnable on that day, and the return of *non est inventus* thereon; and the award of an *alias capias* returnable on the first of *December*. The defendants objected to the admission of the record as evidence of the issuing the *capias*; and the plaintiff offered to prove by *parol*, the issuing the writ, to which the defendants objected, unless the writ was produced, and the court refused to admit the parol proof, unless the plaintiff would prove facts that would bring home the knowledge of the issuing of the writ to the defendants. The plaintiff then offered to prove, that the *capias* was issued and delivered to the sheriff, before *September* term, 1809, and that *Reynolds* kept out of the way, and declared he would not be taken, &c.; that the officer who had the writ was dead, and the writ lost. This evidence was also objected to, and overruled by the court. A bill of exceptions was tendered to the opinion of the court, on which the writ of error was brought.

*Fisk*, for the plaintiff in error.

*Ross*, contra.

*Per Curiam.* The question arising upon the trial was, whether the plaintiff *Brown* had sued out a writ before the *September* term of the common pleas, according to the condition of the re-

cognisance. This was a question of fact triable by jury, and not by record, notwithstanding the averment of *prout patet per recordum.* The entry on the record could not be conclusive of that fact; for then, as was observed in the case of *Conry* v. *Jacob,* (1 *Sid.* 220.) upon a similar question, it would be in the power of an attorney to make an entry upon record of the issuing of the writ, though the writ had never issued. Such an entry is like a *committitur* entered of record. It does not estop the party to deny the fact, and it shall be tried *per pais,* and the record is but evidence and not conclusive. (*Keeling,* Ch. J. in *Middleton* v. *Manucaptors of Sylvester,* 1 *Sid.* 216.) In this case, there was not only a record of the award of the writ, which was sufficient to satisfy the unnecessary averment in the declaration, but parol proof was also offered to show the fact, and that the deputy sheriff had made attempts to serve the writ, and that he was now dead and the writ lost. There does not appear to be any good objection to this testimony. It went to supply the non-production of the writ, and ought to have been received. It was not analogous to those cases in which the record is the sole and exclusive test of a fact.

Judgment reversed.