## JAMES WALLACE *vs.* DAVID HOLMES.

Where assumpsit is brought on a promise to pay money, whenever judgment shall be recovered by the plaintiff in an action then pending against a third person, the declaration is sufficiently specific, if it describe the consideration of the promise to have been a return to that third person of property to a certain amount, which had been attached in that action.

The declaration need not enumerate each article returned ; nor need it contain an express averment that the claim in that action was just, or that the writ issued from a particular court, if it allege, that judgment was afterwards recovered upon it by the plaintiff in a particular court to which the writ was made returnable.

Nor is it necessary, in such case, that the declaration should set out the judgment "as of record," or allege notice of it to the present defendant, or state the purpose, to which the money, now sought to be recovered, is intended to be appropriated.

THIS was an action of assumpsit.

The declaration alleged, that on the 18th of February, 1812, the " shop-goods and household furniture" of one *Robert Holmes*, to the value of $188 25, were, by a writ of attachment against him in favor of the present plaintiff, returnable at the court of common pleas in this county, September term, 1812, seized to respond the judgment which might be obtained against said *Robert* ; that on the 13th of April, A. D. 1812, the present defendant, in consideration that the plaintiff would re-deliver to said *Robert* the goods aforesaid, promised the plaintiff to return to him the same goods on demand, or pay him, when he should obtain judgment in said action the sum of $188 25 ; that the plaintiff thereupon re-delivered said goods to said *Robert* and discharged his attachment upon them ; that the action against said *Robert* was prosecuted and judgment recovered against him, February term, 1814, for the sum of $308 88, of which $81 68 still remains unsatisfied, and that the defendant, though particularly requested on the 21st of March, A. D. 1818, had never paid said sum.

To this declaration the defendant filed a special demurrer for the following causes.

1st. That the description of the property attached was not sufficiently specific.

2d. That the court, from which the writ of attachment issued, was not particularized.

3d. That the claim against *Robert Holmes* is not alleged to have been a just debt.

4th. That the judgment against him is not set out as of record.

5th. That no demand is alleged.

6th. That no notice of the judgment to the present defendant is alleged.

7th. That it is not alleged, that the sum now sought to be recovered will be applied to the discharge of the judgment against *Robert Holmes.*

*Shattuck & J. Smith,* counsel for the plaintiff.

*R. Fletcher & Means,* for the defendant.

WOODBURY, J.    If the present action were trespass, detinue or replevin, the description of the property, which was attached and returned to *Robert Holmes,* might be too uncertain.    Because in trespass it would be difficult to justify under so general an allegation as " shop-goods and household furniture ;"(1) in detinue, the specific articles, which are usually recovered, could not be identified ;(2) and in replevin the sheriff will be unable to " make deliverance" of the right articles, unless they are particularized.(3)

But in trover a description as general as this has been held to be good after default, or verdict, or general demurrer, (2 *Saund.* 74, *note* 1, *Taylor vs. Wells*) ; and perhaps it may be good on special demurrer.(4)

In assumpsit, however, we think it clear, both on principle and authority, that a description of the consideration may be thus general and be good even on special demurrer.    All which need appear in such case is a sufficient consideration, expressed with " certainty to a common intent."(5)

As to the sufficiency of this consideration it appears to have been the relinquishment of property to the value of $188 25, which was held by the plaintiff as an indemnity for his demand against *Robert Holmes ;* and there seems to be no doubt, that the relinquishment of an indemnity to any amount whatever would constitute a good consideration for a promise.    *Com. Di.* " *action on case,*" B. 3.—1 *Salk.* 28, *Lawes case.*—*Hob.* 4, 5.—*Farmer vs. Stewart et al. ante.*

As to its being expressed with proper certainty, the allegation, that the property consisted of " shop-goods and " household furniture to the value of $188 25," shows the sufficiency of the consideration to any " common intent ;"

(1) Lawes' Pl. 56.—Burr. 2455.
(2) Willes 120, Kettell vs. Bromsell.
(3) Stiles 71.— 2 Saund. 74, b.

(4) 2 Ld. Ray. 991, Thornton vs. Bernard.

(5) Cowp. 682, Rex vs. Horne.

and its sufficiency would hardly be more *certain,* if the names and number of the articles had been enumerated.

Thus, in *Alsope vs. Sytwell,* (*Yelv.* 18,) and in *Pickard vs. Collels,* (*Yelv.* 56,) which resembled the present case, the description of the consideration was " the goods attached " *necnon omnia* obligat. there being ;" and in *Marshall vs. Birkenshaw,*(1) the declaration on a similar promise describes the consideration as " divers goods, wares, and mer- " chandize." Moreover, all know this to be the common form of declarations, when such property, instead of being relinquished by an attaching creditor, has been sold by the owner.

(1) 4 B. & P. 172.

The second objection is founded on the supposition, that there ought to be an express averment in the declaration, describing the court from which the writ of attachment issued. In a justification under process such an averment is necessary ;(2) and it may be proper in debt upon judgment. 1 *Wils.* 255.—8 *D. & E.* 127.

(2) 1 Chitt. Pl. 227.

But in assumpsit upon a promise of the kind now in question the description of the process, under which the property was attached, is mere inducement. The gist of the action is the promise made on the relinquishment of the property to the debtor ; and there is here abundant certainty as to the process for an inducement.(3)

(3) Yelv 18.— Com. Di. " Pleader," C. —1 Chitt. Pl. 292.

The court, to which the writ was returnable, is expressly averred, and that judgment upon it was afterwards rendered in the same court in favor of the plaintiff. As no writs are by law returnable and heard in courts, from which they did not issue, the present declaration would in this respect under all the circumstances seem to be certain enough.

If any irregularity actually existed in suing out the process, it was or may be waived by the debtor ; and for aught which appears the process when served gave the plaintiff such an interest in the property attached, that a release of it would be a sufficient consideration for a promise.

It is contended, under the third objection, that the plaintiff should have alleged, that his claim against *Robert Holmes* was just. In actions for escapes, such an averment has been

held to be necessary. *Peak Ni. P.* 65.—4 *D. & E.* 611.—4 *East* 455.—2 *Chitt. Pl.* 301.

But the form of action for escapes is debtor case; and there would not appear to be either a debt or injury without such an averment. In those cases, also, the claim may have been paid, or be altogether unfounded. In the present case, however, the form of action is assumpsit; and the plaintiff need only aver a sufficient consideration and a promise. A consideration might be sufficient if a plaintiff relinquished an attachment made to secure an existing claim, whether eventually a just debt appeared to be due or not. Because a man has a right to secure a doubtful claim or balance by attachment. But, under the facts set out in this declaration, the promise was such as to preclude any difficulty on this point. It was to pay the plaintiff only in the event of his recovery against *Robert Holmes.* The plaintiff expressly avers, that he did recover against said *Robert* $308 88, and that $88 68 of that sum still remains unpaid. Hence he not only avers enough to bring himself within the promise; but to show, on a fair presumption, that his claim against *Robert Holmes* was just, and that a portion of it is still due.

In answer to the fourth objection, it may be remarked as heretofore, that the judgment is mentioned in this declaration only as a matter of inducement; and hence the averment of *praut patet per recordam* is unnecessary.(1)

In a plea of justification under process or in debt on judgment it is otherwise.(2) But in this action the issue could not be *nul tiel record*; and the judgment might possibly be proved by parol.(3)

The fifth objection is not founded in fact; for the declaration expressly avers a demand.

The sixth objection is answered by the case of *Dix vs. Flanders.*(4) The promise was express; and the event, on which the money became payable, was a public judgment, equally open to the knowledge of either party.(5)

The seventh objection is not tenable in this form of action. The plaintiff alleges a sufficient consideration, a promise and a breach. What he does with the money when

(1) Vide authorities, ante.

(2) Willes 122, Morse vs. James et al.

(3) 10 John. 51.—1 Sid. 220, 216.

(4) 1 N. H. Rep. 246.

(5) Yelv. 168, a.

recovered is a concern of the former debtor, on whose account it is paid, and does not affect the liability of the present defendant. The declaration must, therefore, be adjudged good. We should be among the last to encourage wanton or capricious departures from established precedents. The fences of form are often useful to mark out a distinct path for suitors ; to preclude uncertainties in practice ; to oppose the introduction of crude innovations and slovenly errors ; and they are not to be altogether prostrated, unless for the attainment of some great object of substantial justice, which would otherwise be defeated.

But those pleadings, which, without any virtual deviation from usage, are sanctioned by principle, cannot be deemed illegal ; and to entangle and delay, in the nets of mere form, parties, who thus plead, would savor more of scholastic quibbling than of modern liberality and sound sense. On the one hand, it is the language of the schools, that forms constitute the essence of a thing, " *forma dat esse rei ;*" on the other hand, it is the rash language of folly and inexperience, that all forms are either useless or oppressive. Truth as well as safety lies between these extremes.

*Judgment, that the writ is good.*