GRIMES *v.* ALSOP.

A plea putting in issue matters of fact and of record should conclude to the country; and the issue should be tried by a jury.

A matter of fact, improperly alleged in pleading to be a matter of record, may be referred to a jury.

ERROR to the *Carroll* Circuit Court.

DEWEY, J.—Covenant on the warranties in a deed of bargain and sale. The declaration sets out a covenant of seisin, a covenant that the premises conveyed were free from incumbrance, and a covenant for quiet enjoyment; alleges that the defendant was not seised; that the premises were not free from incumbrance; and that the defendant had not secured the plaintiff in the quiet enjoyment of the premises; and then avers that, at the time of the execution and delivery of the deed, there was an unsatisfied judgment against the defendant, on which an execution was afterwards issued, by virtue of which the sheriff sold the premises to a third person, who evicted the plaintiff. There is no averment of *prout patet per recordum*. The defendant pleaded, that there was no record of the judgment, the execution, or the sheriff's sale as set out in the declaration; that the plaintiff had not been evicted; that the defendant was lawfully seised; that the premises were free from incumbrance; and that the defendant had defended the plaintiff in quiet possession. The plea has no clause of verification, nor does it conclude either to the Court or country. The plaintiff replied that there was a record of the judgment, the execution, and the sheriff's sale; that the plaintiff was evicted; and that the premises were not free from incumbrance; concluding with a verification by the record. There was a jury trial; verdict and judgment for the plaintiff.

It is contended that the trial should have been by the Court, and that submitting the issue to the jury was erroneous.

There was not much attention paid to accuracy of pleading in the declaration, the plea, or the replication. The declaration, however, substantially assigns a breach of the covenants against incumbrance, and for quiet enjoyment. In doing so, it alleges both matter of record and of fact. The

sheriff's sale, at least, is of the latter description, and could be proved only by his deed, which was not a matter of record. The plea denies, in substance, all the allegations of the declaration in assigning the breach, and, of course, puts in issue both matter of record and matter of fact. A plea of this character should conclude to the country and be tried by a jury. 1 Chitt. Pl. 556, 558. The replication is nothing but a repetition of the declaration, except that it improperly avers that the sheriff's sale was a matter of record, and refers it to the Court for trial. But this improper averment does not affect the validity of the trial by the jury. *Brown* v. *Van Deuzer*, 10 Johns. 51.

*Per Curiam.*—The judgment is affirmed with costs.

*A. L. Robinson*, for the plaintiff.

*D. D. Pratt*, for the defendant.