STATE v. LEE DUNLAP.

When it appears from the affidavit of a person of color, charged with a capital offence, that he cannot have full and equal benefit of all laws and proceedings for the security of person and property as is enjoyed by white citizens, and that his rights cannot be enforced in the State Courts: *Held*, that under the act of Congress of 9th April, 1866, the State Courts will proceed no further in the prosecution until certified of the action of the Circuit Court of the United States under the act of Congress, March 3, 1863.

It is erroneous in such a case to order the *removal* of the indictments to the Circuit Court of the United States; but to suspend proceedings in the cause till certified to the Court under the aforesaid act of Congress.

This was a motion to transfer the cause to the Circuit Court of the United States for the District of North Carolina, heard

before *Logan J.* at Spring Term 1871, of Mecklenburg Superior Court.

The prisoner was indicted for the murder of one Gleason, a white man, and at Spring Term, 1871, filed an affidavit in which he set forth that he was formerly a slave, and was emancipated by the result of the late rebellion—that at the time of the alleged homicide he was and had been heretofore an active member of the Republican party, whilst the said Gleason was an active member of the Democratic party—that at the time aforesaid a systematic effort was made by divers persons, members of the Democratic party, to produce the impression that said Gleason was killed by defendant, and that he was killed from political motives—that the County Commissioners who prepared the jury lists are Democrats, as also the Sheriff, and all his Deputies, upon whom is devolved by law, in capital cases, the duty of summoning special jurors, and who have an unlimited discretion in the selection of jurors on a special venire—that colored men are seldom summoned on such juries, and that the juries are almost entirely composed of Democrats—that defendant is a colored man, and by reason of his having been a slave, he has reason to believe, and does believe that he has less chance of enforcing in the Courts of this State, his rights in this prosecution as a citizen of the United States, and the probabilities of the denial of them to him as such citizen in any trial which might take place in the Courts of the State, are much more enhanced, than if he was a white man—that the feeling against him has been greatly intensified by the attempt successfully made to give a political color to the alleged homicide, and the feeling against him by almost the entire body of the Democratic party is so bitter and rancorous, that he cannot as he believes obtain justice in Mecklenburg County, or in any of the Courts of this State—that the full and equal benefit of the laws of this State, and proceedings for the security of person and property as are enjoyed by white citizens, is denied to him, and cannot be enforced in his behalf

on any trial on this indictment which may take place in any Court of this State, as he believes.

His Honor being of opinion that the prisoner was entitled upon his affidavit, to a removal of the indictment to the Circuit Court of the United States for the District of North Carolina, so adjudged, from which the Solicitor of the State appealed.

*Attorney General,* for the State.
*Bailey,* for defendant.

Pearson, C. J. This proceeding presents a question of great importance, both in a political and a legal point of view. With the former, we have no concern ; and the application will be disposed of as a dry question of law.

By Act of Congress of 9th April, 1866, sec. 1, it is enacted, in substance, That all persons of color, born in the United States shall be citizens—" shall have the same right to make and enforce contracts, to sue, be parties, and give evidence, to inherit, purchase, lease, sell, hold and convey real and personal property ; and to *full and equal benefit of all laws and proceedings, for the security of person and property, as is enjoyed by white citizens,*" &c.

Sec. 2. Prescribes penalty for depriving under color of any law, &c., persons of color, of any of the rights secured to them by sec. 1.

Sec. 3. Confers exclusive jurisdiction upon the Courts of the United States, of all causes, civil and criminal, " *affecting persons who are denied, or cannot enforce in the State Courts any of the rights secured to them by sec.* 1."—and provides for the removal from the State Courts, of such causes, upon *affidavit, &c.*

This application for a removal of the case, to the Courts of the United States is put on the ground, that the petitioner cannot have a fair trial in the State Courts, by reason of his being a freed negro.

The argument is, "white citizens enjoy the benefit of a *fair trial.* I cannot enforce that right, because I am a freed negro: So in the State Courts, I have not the full and equal benefit of the laws and proceedings for the security of person and property, *as is enjoyed by white persons.*"

*Reply:* "That may be so; but it results, not because of any discrimination made by the *laws of the State,* against persons of color, but by reason of the condition of things, and a deep-seated prejudice against the political as well as the social equality of freed negroes."

"The object of the act of Congress is to prevent any discrimination from being made *by the laws of the State,* but it does not extend to an attempt to control or regulate the prejudice of one race against the other; that can only be cured by the amelioratory effect of time."

*Rejoinder:* "The object of the act of Congress is not merely to prevent discrimination by *the laws of a State,* but also to secure to freed negroes 'the full and equal benefit of all laws and proceedings for the security of person and property as is enjoyed by white citizens;' and if by reason of prejudice that right cannot be *enforced in the State Courts,* the cause, whether civil or criminal, is to be removed to the Federal Courts."

So issue is joined upon the construction of the act of Congress, and the Court is to arrive at the object in view by a consideration of the words of the act, taken in connection with the evil which was to be met, arising out of the surrounding circumstances, and the known condition of things. Had the object been merely to prevent discrimination *by the laws of the State,* very few words would have answered the purpose, and there would have been no occasion for an affidavit in regard to matter which must appear on the face of the public law; but the act under consideration goes into details, and, among other things, guarantees to citizens of color "as full and equal benefit of all laws and proceedings for the security of person and property as is enjoyed by white citizens," and provides for the

removal of all causes, civil and criminal, when such persons are denied, or cannot enforce in the State Courts the rights secured to them, upon the affidavit of the party that such is the fact.

This I consider, after mature reflection, conclusive, as to the intention to extend the operation of the act of Congress, so as to make it include cases, where by reason of prejudice in the community, a fair trial cannot be had in the State Courts.

It is said, this construction will put it in the power of any person of color, on mere affidavit, to deprive the State Courts of jurisdiction of subjects of local concern, and transfer such jurisdiction to the Federal Courts. This is a result deeply to be regretted, but it grows out of the supposed prejudice of the white citizens, men, women and children, against the colored citizens; and the Courts can only say—*the law is so written.*

The order of his Honor should be modified by setting aside so much as directs the case to be *removed* into the Circuit Court of the United States; and providing that " the State Court will proceed no further in the prosecution," until certified of the action of the Circuit Court of the United States according to the provisions of the act of Congress, March 3rd, 1863. This opinion will be certified, to the end that such proceedings may be had as are agreeable to law.

RODEAN, J. *Dissentiente.*

PER CURIAM.