## STATE v. JOHN HAWKINS.

An appellant, if not allowed by the Court to appeal without security, must file his appeal bond at the term at which the case was tried, or the appeal will be dismissed.

INDICTMENT, for a wilful injury to a dwelling house, tried at Fall Term, 1872, of the Superior Court of EDGECOMBE county, before his Honor, *Judge Moore.*

On the trial below, the defendant was found guilty, and the Court pronounced judgment, from which the defendant appealed. There was no appeal bond filed nor any transcript sent to this Court at the term ; nor did the defendant file an appeal bond until the 1st day of December, 1874, when the case was sent up.

The foregoing are all the facts, necessary to an understanding the decision of this court.

*Stamps,* for defendant.
*Attorney General Hargrove,* contra.

READE, J.    The defendant was convicted at Fall Term, 1872, and prayed an appeal, which was granted upon condition, that he enter into bond in the sum of ($100 with surety. Nothing further appears until December, 1874, when he files a bond with surety for $250, reciting that he had been convictd at Fall Term, 1874, and appealed, &c.

The Attorney General moves in this Court, to dismiss the case, upon the ground that the appeal was not prosecuted in apt time. The motion is allowed.

When an appeal is taken, it is to the *next* term of the Supreme Court; and if not prosecuted by the default of the appellant, the appeal is lost ; and if without the default of the appellant, his remedy is by application in apt time, for a writ of *Certiorari,* or for leave to docket the case.

Judgment here against the surety upon the bond, for costs.

PER CURIAM.                                        Appeal dismissed.