JOHN McRAE and WILLIAM FRENCH in behalf of themselves and others v. THE BOARD OF COMMISSIONERS OF NEW HANOVER COUNTY.

When an appeal from the Superior Court is perfected, the Judge below has no farther jurisdiction of the matter.

This was a MOTION in the cause heard before *Henry, J.,* at Chambers in NEW HANOVER county, on the — day of December, 1875.

The defendants moved the court to increase the amount of a bond for an injunction theretofore granted.

The motion was allowed, and the plaintiffs appealed.

All the facts necessary to an understanding of the case as decided, are stated in the opinion of the court.

*M. London* and *A. T. & J. London,* for the appellants.
*Russell* and *W. S. & D. J. Devane,* contra.

BYNUM, J. There is error. Judge SEYMOUR granted the restraining order, requiring a bond of $5,000 for the indemnity of the defendants. The restraining order was afterwards vacated by Judge McKAY, and the plaintiffs appealed to the Supreme Court, from the vacating order, gave the appeal bond, and the case was stated and signed by the counsel of both parties. Some two weeks after this, an affidavit was filed by one of the commissioners, stating no new facts, and not alleging the insufficiency of the bond. Upon a motion founded on that affidavit, Judge HENRY then holding court in Judge McKAY's district, required the plaintiffs to file an additional bond for $10,000. When the appeal was perfected, the Judge below had no farther jurisdiction. Certainly the plaintiffs could not thus be deprived of the benefit of an appeal perfected, and an injunction obtained.

PER CURIAM.                              Judgment reversed.