## ALANSON CAPEHART v. WILLIAM STEWART.

*Practice—Challenging Jurors.*

While it is a subject for just animadversion that the presiding judge re-
quested the sheriff, in the course of making up a jury, to summons a
talesman of a particular color, such a request, though acted upon by
the sheriff, is not assignable for error where it does not appear that the
party cast has exhausted his challenges.

(*State* v. *Arthur*, 2 Dev., 217; *State* v. *Smith*, 2 Ire., 402; *State* v. *Cock-
man*, 2 Winst., 95, cited and approved.)

CLAIM AND DELIVERY tried at Spring Term, 1876, of
NORTHAMPTON Superior Court, before *Henry, J.*

This action was instituted by the plaintiff, a white man,
against the defendant, a colored man, to recover possession
of a horse. When the case was called for trial, there was a
full jury of the original panel in the box, of whom one only
was colored. The plaintiff's counsel challenged this juror
peremptorily, remarking at the time, that he did not know
his name. Thereupon the regular panel being exhausted,
the judge requested the sheriff to summon from the by-
standers a colored tales juror in his place, and to this the
plaintiff excepted. The colored juror thus summoned and
tendered was also challenged for cause by the plaintiff who
failed to show his disqualification. The plaintiff's counsel
then peremptorily challenged one of the white jurors, and
another colored tales juror was summoned in his stead,
whom the plaintiff also challenged for cause, and failed to
sustain his challenge. It does not appear that the plaintiff
made any other peremptory challenges. The jury being
impannelled on hearing the evidence found a verdict for
defendant. Judgment, appeal by plaintiff.

*Mr. R. B. Peebles,* for plaintiff.
*Mr. W. C. Bowen,* for defendant.

SMITH, C. J. (After stating the case.) The only exception apparent on the record is that taken to the remark of the judge to the sheriff requesting him to summon a colored tales juror in place of the one removed, and in our opinion it is entirely untenable.

A fair and impartial jury was obtained obnoxious to no just objection and acceptable to the plaintiff himself, since he still retained the right to strike two more jurors from the list and failed to exercise it. He has therefore no just cause of complaint.

"The right to challenge is given to prisoners," says TOOMER, J., in *State* v. *Arthur*, 2 Dev., 217, "not that a particular individual may be put on the jury, but that the prisoner may have a jury free from all objection." And in a separate opinion in the same case, HENDERSON, C. J., remarks: "The rule is not that the prisoner shall be tried by a jury of his own choice or selection, but by one against which after having exhausted his peremptory challenges he can offer no just exception."

So in *State* v. *Smith*, 2 Ire., 402, GASTON, J., says: "The right of challenge is a right *to reject*, not a right to select jurors."

To same effect is *State* v. *Cockman*, 2 Winst., 95, and *United States* v. *Merchant*, 12 Wheat, 480.

While we hold the verdict not to be vitiated by what transpired at the trial, we must express our disapprobation of unnecessary interference with the officers of the court in the discharge of their appropriate duties by suggestions such as were made in this case. The law knows no distinction among the people of the state in their civil and political rights and correspondent obligations, and none such should be recognized by those who are charged with its administration.

If an officer while executing an order of the court should act oppressively or under the influence of partiality or prej-

udice towards one of the parties to the pending suit, the judge ought at once to interpose and correct the improper conduct. But when no such improper disposition is manifest, or, as in the present case, when the officer is about to perform the required service, a suggestion conveying an apparent rebuke to counsel for making the challenge, is uncalled for and without excuse. The right to except to a limited number of jurors without assigning any cause is given by law to suitors, and for its exercise they are responsible to no one.

In like manner the selection from the by-standers of competent tales jurors to complete the panel rests in the sound discretion of the officer who is called on to summon, and under a just sense of official responsibility.

If the judge may direct, (and a request under the circumstances is in effect tantamount to a direction) the summoning of a colored juror in place of one removed, he may with equal propriety direct the summoning of a white juror, and thus class distinctions, which the recent amendments to the constitution of the United States and our own constitution conforming thereto are intended to abolish, would be introduced in the practical operations of our judical system, and in trials by jury, its most vital and valuable part. We forbear further comment. The plaintiff has had a fair and impartial trial and must abide the verdict.

No error.                                           Affirmed.