J. M. FITZGERALD and others v. ISAAC ALLMAN and others.

*Removal of Causes—Constitutional Law.*

In an action brought to annul a deed, &c., the defendants applied by
    petition for a stay of proceedings in the superior court in order that
    the cause might be removed to the circuit court of the United States,
    alleging that the plaintiffs were white persons in whose favor a great
    partiality existed in that locality, &c., and that the defendants were
    colored persons against whom there was existing a great prejudice,
    &c ; *Held*,

That the defendants were not entitled to the removal. The act (Rev.
    Stat. of the U. S., § 641) applies only to cases when the laws or judi-
    cial practices of a state recognize distinctions on account of color, race,
    &c., and not to cases of mere local prejudice for which the case may
    be removed to another county.

(*State* v. *Dunlap*, 65 N. C., 491; *Capehart* v. *Stewart*, 80 N. C., 101, cited
    and approved.)

PETITION for Removal of a Cause heard at December
Special Term, 1879, of HAYWOOD Superior Court, before
*Graves, J.*

The action is brought by the plaintiffs, heirs-at-law of
John A. B. Fitzgerald, to set aside and annul a deed con-veying the lands described in the complaint and executed
by himself and wife, to the defendants, upon the allegation
that the intestate was of unsound mind and incompetent to

make the deed. The defendants, who are colored persons, controvert the allegation and assert his legal capacity to act. At the special term of Haywood superior court, held in December, 1879, the defendants applied by petition, verified by oath, for a stay of the proceeding, in order to its removal to the circuit court of the United States for the southern district of North Carolina, for the causes specified therein, and say that they cannot enforce in the judicial tribunals of the state their rights secured to them by law in said suit, on account of the fact "that the plaintiffs are white persons, and in whose favor there is great partiality existing in this locality, and the defendants, your petitioners, are persons of color against whom there is existing in the locality a great prejudice on account of their color." Upon this affidavit it was "ordered that all further proceedings in the cause cease in this court, and that the cause be removed to the circuit court of the United States" as aforesaid. From this ruling the plaintiffs appeal.

*Messrs. G. S. Ferguson, A. W. Haywood* and *J. L. Henry*, for plaintiffs.
*Messrs. J. M. Gudger* and *Battle & Mordecai*, for defendants.

SMITH, C. J., after stating the case. The act of congress by which the order is supposed to be sustained, is in these words: "When any civil suit or criminal prosecution is commenced in any state court, for any cause whatsoever, against any person who is denied or cannot enforce in the judicial tribunals of the state, or in the parts of the state where such suit or prosecution is pending, any right secured to him by any law providing for the equal civil rights of citizens of the United States, * * * such suit or prosecution may, upon the petition of such defendant, filed in the said state court at any time before the trial or final hearing

of the cause, stating the facts and verified by oath, be re-moved for trial into the next circuit court to be held in the district where it is pending." Rev. St. U. S., § 641.

In *State* v. *Dunlap,* 65 N. C., 491, decided at June Term, 1871, the statute is construed to extend to, and "include cases where, *by reason of prejudice in the community,* a fair trial cannot be had in the state courts;" and this construc-tion, followed in the court below, embraces that before us. Since this decision, the clause in the constitution which this act is intended to enforce has been interpreted and explain-ed by the supreme court of the United States, more in con-sonance with its language and purposes, and it has been confined to trials in states whose laws discriminate adverse-ly against a class of citizens to which the persons asking for the removal belong. In the *Slaughter House* cases, decided in 1872, (16 Wall., 36) the force and scope of this amend-ment of the constitution, and the statute passed under its authority, were carefully and elaborately considered, and the question as to its true meaning put at rest. Mr. Justice MILIER, speaking for the court, thus defines the article:

" In the light of the history of these amendments, and the pervading purpose of them, which we have already dis-cussed, it is not difficult to give a meaning to this clause. The existence of laws in the states, where the newly eman-cipated slaves resided, which discriminated with gross in-justice and hardship against them, as a class, was the evil to be remedied by this clause, and by it such laws are for-bidden. If, however, the states did not conform their laws to its requirements, then by the fifth section of the article of amendment, congress was authorized to enforce it by suita-ble legislation. We doubt very much whether *any action of a state not directed by way of discrimination against the ne-groes, as a class, or on account of their race, will ever be held to come within the purview of this provision.*"

In the recent case, *Strauder* v. *West Virginia,* determined

at the present term of the supreme court of the United States, a copy of the opinion in which delivered by Mr. Justice STRONG, is before us, the same view is taken. The removal is in this case sustained upon the ground that the law of that state, providing for the qualification of jurors, does discriminate against its colored population, in declaring that the jury shall consist of " white male persons who are twenty-one years of age and who are citizens of the state."

Referring to several clauses in the constitution and their effect, the court say: " What is this but declaring that the law in the states shall be the same for the black as for the white; that all persons whether colored or white shall stand equal before the laws of the states, and in regard to the colored race, for whose protection the amendment was primarily designed, that no discrimination shall be made against them by law, because of their color. The words of the amendment it is true are prohibitory, but they contain a necessary implication of positive immunity or right most valuable to the colored race, the right of exemption from unfriendly legislation against them distinctively, as colored, exemption from legal discrimination, implying inferiority in civil society, lessening the security of their enjoyment of the rights which others enjoy, and the discriminations which are steps towards reducing them to the condition of a subject race."

It is not pretended that the laws and judicial practices in this state recognize any distinctions among its citizens " on account of race, color or previous condition," or that every right and privilege possessed by the white is not equally shared by the colored man. For local prejudice, the basis of the proposed removal, the law provides for a transfer of the cause, whoever may be the parties, to a county where such prejudice does not exist and a fair trial may be had.

This court has already said: "The law knows no dis-

tinction among the people of the state in their civil and political rights and correspondent obligations, and none should be recognized by those who are charged with its administration." *Capehart* v. *Stewart*, 80 N. C., 101.

The defendants are not within the act of congress, for they are not "*denied*" nor are they unable " to enforce in the judicial tribunals of the state, or in the part of the state where the cause is depending" "*any right secured to them by any law providing for the equal civil rights of citizens of the United States.*"

If the ruling of the court was a mere continuance, it would not be the subject matter of appeal, but it involved more, an absolute cessation of further action and therefore a denial of the right of trial. This does " affect a substantial right " claimed by the plaintiffs.

There is error and the ruling is reversed. This must be certified to the end that the cause may be proceeded with according to law.

Error.                                        Reversed.