THOMAS C. WILSON and wife v. W. L. SEAGLE and others.

*Appeal, method of perfecting.*

1. An appellant who merely prays an appeal in open court and files a bond with the clerk, does not *take* an appeal within the meaning of the statute.

2. Remarks of RUFFIN, J., upon the method of perfecting appeals so as to take the case without the jurisdiction of the superior court.

(*Campbell* v. *Allison,* 63 N. C., 568; *McRae* v. *Commissioners,* 74 N. C., 415; *State* v. *Hawkins,* 72 N. C., 180; *Smith* v. *Lyon,* 82 N. C., 2, cited and approved.)

APPEAL from an order made at Fall Term, 1880, of LINCOLN Superior Court, by *Seymour, J.*

From the transcript and the case for the appeal, the following facts appear: In the year 1877, the plaintiffs filed a petition in the probate court of Lincoln county for partition of lands between the defendants and themselves. Upon the filing of answers raising issues, the cause was transferred to the superior court of that county, and at spring term, 1878, a decision was rendered adverse to the defendants, and a writ of *procedendo* ordered to be issued to the probate court to grant the partition prayed for, from which judgment the defendant Seagle prayed an appeal to the supreme court. That he filed with the clerk an appeal bond, but prepared and tendered no case for the supreme court, and procured no transcript of the record to be forwarded here. That at the fall term of said court an entry was made in the case, " off the docket." That on the 26th of September, 1878, the judge of probate decreed partition, and appointed commissioners who, on the 22d of October, allotted the land, charging the share of the defendant Seagle with the sum of seventy-five dollars, in favor of the lot assigned to the plaintiffs, and made report thereof to the clerk, who, on the 12th of December, confirmed the same. That of the action of the commissioners the defendant Seagle had full notice, and took possession of the lot of land set apart to him, but he had no notice of the order confirming the report. That in August, 1879, the plaintiff gave said defendant notice of a motion to subject his land to the payment of the seventy-five dollars, which motion was heard on the 13th of September, and allowed, though resisted by defendant on the ground that his appeal to this court was still pending, and therefore it was not competent to the clerk to make any order in the cause. From the order of the clerk, he appealed to the superior court, and at fall term, 1880, when His Honor holding that the case was in this court, reversed the order of the clerk and overruled the plaintiff's motion, and the plaintiff appealed.

*Messrs. Hoke & Hoke,* for plaintiff.
*Mr. B. C. Cobb,* for defendant.

RUFFIN, J. The question presented for our determination is, was the appeal prayed for by the defendant in 1878, still pending? Or did his subsequent conduct amount to an abandonment thereof?

According to the practice which obtained before the adoption of the Code, an appeal was *allowed* by the court, and the preparation and perfection of it was the act of the court. But the Code makes a notable change in this particular; an appeal is no longer prayed for, but it is *taken.* Bat. Rev., ch. 17, § 299. As said by RODMAN, J., in delivering the opinion in the case of *Campbell* v. *Allison,* 63 N. C., 568, "the judge below has nothing to do with the granting of an appeal, it is the act of the appellant alone."

After prescribing the time in which it must be taken, the statute imposes upon the appellant the duty of causing his appeal to be entered by the clerk on the docket, and notice thereof to be given to the adverse party. *He* shall give the undertaking required to make his appeal effectual. *He* shall cause to be prepared a concise statement of the case, embodying the instructions of the judge, and his exceptions thereto. *He* shall cause a copy of this statement to be served on the respondent, and if approved it is *his* duty to file it with the clerk, or if returned with objections, to request the judge to settle the case; and when it is settled, it is *his* duty to furnish it to the clerk, that it together with the transcript of the record may be certified to the clerk of this court. So that from first to last he is the chief actor in the whole matter; and without his active agency, his appeal cannot be perfected; and it is only when an *appeal is perfected,* as declared by BYNUM, J., in the case of *McRae* v. *The Commissioners of New Hanover,* 74 N. C., 415, "that the judge below has no further jurisdiction of the matter."

The statute not only imposes this duty on the appellant but it enjoins upon him to be prompt and energetic in its discharge. Within ten days from the rendition of the judgment, he must *take* his appeal and within the same time cause it to be entered of record, and notice thereof given; within five days next after its entry, a copy of the statement of his case is to be served on the appellee, who is required to consider and return it within three days; if returned with objections he shall *immediately* request the judge to fix a time and place for settling it; this the judge must do within twenty days. When settled, he is to file it with the clerk within five days, and the clerk is to transmit it to the clerk of the supreme court, within the next twenty days, and the appellant is to see that it is so transmitted; for, as said in the case of *State* v. *Hawkins,* 72 N. C., 180, "an appeal when taken, is to the next term of the supreme court, and if not prosecuted, by the default of the defendant, it is lost;" and this case is approved in the very late one of *Smith* v. *Lyon,* 82 N. C., 2.

Now contrast all this with the conduct of the appellant in this case, and it would seem strange indeed if an indifference and gross neglect, such as he has been guilty of, should have worked no injury to his appeal, and that his appeal, taken more than two years ago, without a single step in all that time towards perfecting it, should still survive. It is true, as argued by counsel here, the appellee might, under Rule 7 of this court, have filed a transcript of the case upon the failure of the appellant so to do, and moved for the dismissal of the appeal, but this was a privilege given him, and no indulgence to the appellant, and it is not to be expected that this court will tolerate a perversion of its rule, adopted to expedite its business, into an excuse for gross and inexcusable negligence.

It will be seen that we lay no stress upon the conduct of the defendant in taking part in the partition and accepting

as his the lot of land appropriated to him by the commissioners. It may be that he should be held to be estopped by this, but we wish to place our decision upon the express ground that he has lost his appeal by his laches, and that the court below should have so adjudged; lost it, because he did not so perfect it as to take his case without the jurisdiction of the superior court, and therefore it was competent for that court to proceed in the premises.

As to whether there has been any irregularity in the course of the proceedings, or any judgment for want of proper notice, we do not undertake now to determine, but simply that the defendant, by merely praying an appeal in open court, and filing a bond with the clerk, which is all the record discloses he ever did, did not *take* an appeal within the meaning of the statute, and that by his laches and subsequent conduct, he has lost the right, now, to do so, and that His Honor below was in error in holding that the case was in this court.

Let this be certified that the case may be proceeded with.

Error.                                    Reversed.