THE McNEAL PIPE AND FOUNDRY COMPANY v. A. H. HOW-
LAND AND THE DURHAM WATER COMPANY.

*Removal of Actions to Federal Courts—Jurisdiction.*

1. A defendant is not entitled to have an action removed for trial from the State to the Federal Courts, under the Acts of Congress, unless the latter has original jurisdiction of the action.

2. When a proper case for removal is made out, no formal order to transfer the action is necessary—the State Court will simply suspend further proceedings unless the Federal Court should remand the cause.

MOTION TO REMOVE the action to Federal Court for trial, heard before *Merrimon, J.,* at January Term, 1888, of DUR-HAM Superior Court.

The action is upon a contract entered into between the plaintiff, a corporation formed under the laws of the State of New Jersey, and the defendant A. H. Howland, a citizen and a resident of the State of Massachusetts, to recover damages for the breach thereof, in the non-payment of goods sold and delivered, and is prosecuted against the other defendant, The Durham Water Company, a corporation created and acting under the laws of this State, to establish and enforce a lien therefor upon the property of the latter.

The complaint was filed at Fall Term, 1887, of the Superior Court of Durham, to which the summons was returned and separate answers of the defendants put in purporting to

be at that term, while the verification of each was made in November, after its expiration.

The defendant Howland, alleged to owe the plaintiff for goods delivered under the contract in more than twenty thousand dollars, applied by petition (when filed does not appear, but which was passed on and denied at January term afterwards) asking for the removal of the cause to the Circuit Court of the United States for the Western District of North Carolina under the several Acts of Congress. The plaintiff resisted the application for removal, contending that a cause for removal by the said Howland was not presented in the record for these reasons:

" First, because his petition and bond were not filed in apt time; secondly, because the bond did not conform to the requirements of the Act of Congress, in that it was not conditioned to provide for the payment of costs in the United States Court; thirdly, because the pleadings did not show a severable controversy such as was provided for in the Act of Congress of 1887; fourthly, because defendant Howland being a citizen and resident of the State of Massachusetts and not being an inhabitant of the Western District of North Carolina, and the plaintiff being a citizen and resident of the State of New Jersey—and as therefore the United States Circuit Court would not have jurisdiction of a suit originally brought in that Court, it would not have jurisdiction of this cause when removed, and on that account the motion to remove should be refused."

The defendant offered to file an additional bond, or to amend the present one in any particular necessary.

The Court being of opinion that no order of the State Court was necessary to the removal of the cause if it were a proper case for removal, and being further of opinion that the bond was insufficient and it had no power to allow an amendment thereto or a new bond to be filed, and that in the suit in which defendant's petition was filed there is not " a contro-

versy which is wholly between citizens of different States," and that the Circuit Court of the United States would have no jurisdiction of the action, declined to make the order allowing defendant Howland to file a new bond or to amend the bond on file, and also declined to make an order removing the action to the Circuit Court, from which rulings defendant Howland appealed.

The bond was in the following form:

*Know all men by these presents :* That we A. H. Howland, as principal, and S. W. Holman, as surety, are held and firmly bound unto The McNeal Pipe and Foundry Company in the penal sum of two hundred and fifty dollars, lawful money of the United States, for the payment of which, well and truly to be made, we bind ourselves jointly and severally, firmly by these presents.

The condition of this bond is such, that if said A. H. Howland shall enter and file or cause to be filed in the next Circuit Court of the United States for the Western District of North Carolina, on the first day of its session, copies of all process, pleadings and deposition testimony and other proceedings in a certain suit now pending in the Superior Court of Durham county, State of North Carolina, in which The McNeal Pipe and Foundry Company is plaintiff and said A. H. Howland and the Durham Water Company are defendants, and shall do such other appropriate acts as, by Act of Congress, in that behalf are required to be done upon the removal of such suit from said State Court into the said United States Court, then this obligation to be void, otherwise of force.

Dated this 23d day of November, 1887.

> A. H. HOWLAND, [SEAL.]
> By W. W. FULLER, Attorney.
> S. W. HOLMAN, [SEAL.]

*Mr. John Hinsdale,* for the plaintiff.
No counsel for the defendant.

SMITH, C. J., (after stating the case). The Act of Congress approved on March 3, 1887, and amendatory of that of March 3, 1875, makes important changes in the law which authorizes the transfer of causes pending in a State Court to the United States Circuit Court for trial. It confines the right to apply for and obtain a removal to non-resident defendants, the plaintiff having elected to bring his action in the jurisdiction of a State Court, the sum in controversy must be more than $2,000 instead of $500, the former limit, exclusive of interest and costs; the application must be made at or before the time when, under the law or rules of the State Courts, the defendant is required to answer or plead; a bond properly secured must be entered into for filing a copy of the record in the Circuit Court on the first day of its next sitting "and for paying all costs that may be awarded if said Court shall hold that the suit was wrongfully removed," &c.

The first section of the amending statute provides, moreover, that in order to the exercise of original jurisdiction, the action "shall be brought only in the district of either the plaintiff or defendant," and in the recent case of the *County of Yuba* v. *Pioneer Gold Mining Co.,* decided in U. S. Circuit Court, N. D., California, in August last, it is held, Mr. Justice FIELD and the Circuit and District Judges concurring in the opinion, that under the second section no cause can be removed of which the Circuit Court would not have had original cognizance.

While it is true that the present suit is brought in a district where one of the defendants resides who is content to let it remain, the other defendant, who seeks another jurisdiction, is a citizen and resident of another State, and if there were a several |controversy between them and it could

be severed and removed, the anomalous result would follow that a cause would be there constituted which could not have originated in that Court in that form.

The principle of the ruling in the case cited, seems to apply to the present proposed removal and with the sanction of such high authority agreeing with our own reading of the enactment and its general scope and policy, we must sustain the ruling of the Court below.

We pretermit passing upon the other grounds of objection to the transfer of the cause, to-wit: (1) that the application was not made at the first term of the Court as of which the pleadings are filed; the want of diversity in the controversies between the plaintiff and defendants, their connection and dependence, so that presence of each in the one action is necessary to a full determination of the cause; the absence of any provision in the bond for the payment of costs, all of which have great force, since it is sufficient to say the cause was not in law removable.

It may be observed that no order of removal was necessary since a compliance with the prescribed conditions effected a removal, and all required of the State Court was to suspend all further proceedings, unless thereafter the case should be remanded by the Circuit to the State Court for a resumption of jurisdiction.

We therefore consider the appeal before us to be from the ruling of the Judge to proceed in the cause. *Fitzgerald* v. *Allman*, 82 N. C., 492.

As to what are separable controversies, see *Ayers* v. *Wisnall*, 112 U. S., 187; *St. Louis Railroad Co.* v. *Wilson*, 114 U. S., 60; *Louis. & Nash Railroad Co.* v. *Ide*, Ibid., 52; *Putnam* v. *Ingram*, Ibid., 57; *St. Louis & S. F. Railroad Co.* v. *Wilson*, Ibid., 60.

Affirmed.