M. L. PRUETT, Administrator, v. CHARLOTTE POWER COMPANY.

(Filed 23 December, 1914.)

1. **Appeal and Error—Removal of Causes—Federal Courts—Order—Refusing Removal.**

   An appeal presently lies from an order denying an application, upon proper petition and bond, to remove a cause to the Federal court for diversity of citizenship under the Federal removal act.

2. **Same—Trial Courts—New Trial—Interpretation of Statutes.**

   Where the defendant has filed a sufficient petition and bond for the removal of a cause from the State to the Federal court on the ground of diversity of citizenship, and appeals from an order of the trial court refusing to remove the cause, the appeal involves the right of the State court to try the action, including in its scope all the issues presented in the record; and pending the appeal it is error for the trial court to proceed with the trial and determine these issues, over the objection of the defendant; and when this is done, and the appeal has regularly been prosecuted in accordance with the rules of law and practice regulating appeals, a new trial will be ordered, though the Supreme Court may have affirmed the order of the trial court, appealed from, retaining the cause. Revisal, sec. 602.

3. **Appeal and Error—Trial Courts—Proceedings Stayed—Interpretation of Statutes.**

   An appeal duly taken and regularly prosecuted operates as a stay of all proceedings in the trial court, relating to the issues included therein, until the matters are determined in the Supreme Court. Revisal, sec. 602.

Appeal by defendant from *Adams, J.,* at March Term, 1914, of Mecklenburg.

Civil action to recover damages for death of plaintiff's intestate, caused by the alleged negligence of defendant company.

There was verdict and judgment for plaintiff, and defendant excepted and appealed.

*J. Laurence Jones, Stewart & McRae, Shannonhouse & Jones* for plaintiff.

*Osborne, Cocke & Robinson* for defendant.

Hoke, J. From a perusal of the facts in evidence, it appears that this cause was instituted by issuance of the summons on 5 August, 1912.

At November Term, 1913, on petition duly verified and accompanied by proper bond, defendants applied for removal of cause to the Federal court on the ground of diversity of citizenship, and the application having been denied at said term, defendants appealed to Supreme Court, filing proper bond, the record constituting the case on appeal.

The appeal was duly docketed in the Court on 2 April, 1914. The same was heard in the week assigned to causes of Fourteenth District,

beginning 21 April, and was decided some time thereafter, the Court, in an opinion by *Chief Justice Clark,* sustaining the judgment of the lower court. See cause reported in 165 N. C., 416. The present trial and judgment was had at March Term, 1914, of the Superior Court of Mecklenburg County, and the case on appeal states that when the cause was called for trial at said term and before the jury were impaneled, counsel for defendants informed the court of the "pending appeal" and insisted on their petition to remove, and stated that they did not waive their rights under said petition. In their case on appeal it is formally assigned for error: "That his Honor proceeded with the trial pending the appeal," etc.

It is well recognized in this jurisdiction that from an order denying an application to remove a cause to the Federal court an appeal presently lies. (*Howard v. R. R.,* 122 N. C., 944; *Pipe Co. v. Howland,* 99 N. C., 202; *Fitzgerald v. Allman,* 82 N. C., 492); and on these, the facts chiefly relevant, we are of opinion that the court was without power to hear and determine the issues arising on the pleadings, and that the verdict and judgment thereon rendered at March term must be set aside.

Our statute on this subject, Revisal, sec. 602, in part provides: "That whenever an appeal is perfected, as provided by this chapter, it stays all further proceedings in the court below upon the judgment appealed from or upon the matter embraced therein, but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from," etc.

In various cases where the construction of this statute was directly or indirectly involved, the Court has held that an appeal is not to be considered as perfected until it is duly docketed in the Supreme Court; but in all of them, so far as examined, the questions presented were either on the right of this Court to take cognizance of some matter embraced in the appeal before docketing the record or the time within which the appellant had the right to docket had expired, and the parties were allowed to proceed in the court below on the idea that the appeal had been either temporarily or finally abandoned or there was some omission or laches on the part of the appellant which were considered as a waiver of his rights in the premises. But in this present case no such facts are presented. The defendants, having applied for a removal of the cause to the Federal court, had presently appealed from a judgment denying the motion. The application was on the ground of diversity of citizenship, and the appeal involved the right to the State court to try the cause, and therefore included within its scope and effect all the issues presented in the record. Bond was filed in apt time; the record constituted the case on appeal, and nothing remained to be done but the filing of a proper transcript within the time required.

This was primarily the duty of the clerk of the Superior Court, and while we have held that the appellant must see to it that such a transcript is duly filed, as a matter of fact it was filed in the present instance in ample time within the statute and the rules of this Court, and the cause was regularly heard and determined on the call of the district.

The defendant being in no default, and insisting on the rights guaranteed him under the law and the rules of this Court, is entitled to be protected from the costs and harassments of a trial until the matter is determined, and, under the circumstances as stated, we must hold that an appeal, docketed within the time and regularly prosecuted, relates back to the time of trial; that it operates as a stay of proceedings within the meaning of the statute, and brings the present cause within the principle of the cases which hold that the court below is without power to hear and determine questions involved in an appeal pending in the Supreme Court. *Combes v. Adams,* 152 N. C., pp. 64-70; *Greene v. Griffin,* 95 N. C., 50; *McRae v. Comrs.,* 74 N. C., 415; *Bank v. Stilling,* 32 S. C., 102.

This will be certified, that the verdict and judgment rendered be set aside and a new trial had.

New trial.