CHARLES F. DUNN v. A. W. TAYLOR, SHERIFF OF LENOIR COUNTY.

(Filed 17 October, 1923.)

**Courts—Emergency Judges—Mandamus—Jurisdiction—Statutes—Constitutional Law.**

Emergency judges, appointed under the provisions of our statute as to Supreme and Superior court judges who have retired from active service in pursuance of the provisions of our Constitution, have no jurisdiction to hear and determine, at chambers, a matter of *mandamus,* or when he is not holding a term of court assigned to him. Const., Art. IV, sec. 11.

CIVIL ACTION for *mandamus,* heard before *Allen, J.,* at chambers, 20 July, 1923, in LENOIR.

Appeal by plaintiff.

The facts sufficient for the determination of this cause are set forth in the order of the court below, which was as follows:

"This cause coming on to be heard before his Honor, O. H. Allen, judge of North Carolina, upon summons and complaint, said summons being returnable on the 19th day of July, before the undersigned judge, at chambers, and hearing having been continued until 20 July, 1923, and it appearing to the court that the plaintiff is seeking a writ of

*mandamus* to compel the sheriff of Lenoir County to execute a tax deed; and it further appearing to the court that a *mandamus* hearing is not within the jurisdiction of emergency judges:

"It is now, therefore, on the court's own motion, adjudged and decreed that the court has no jurisdiction to hear the matters in controversy, and the motion is therefore denied.

"O. H. ALLEN, <em>Emergency Judge, etc.</em>"

*Charles F. Dunn, brief in propria persona.*
*No counsel for defendant.*

CLARKSON, J.  The only question presented in this case is: Has an emergency judge a right to issue the writ of *mandamus?*  The statutes creating emergency judges, and defining their power and authority, are as follows:

"Section 1.  Every Justice of the Supreme Court and judge of the Superior Court who has heretofore resigned or retired from office at the end of his term, or who shall hereafter resign or retire at expiration of his term, who has attained the age of seventy (70) years at date of his resignation or retirement, and who has served for fifteen (15) years on the Supreme Court or on the Superior Court, or on the Supreme and Superior courts combined, shall receive for life two-thirds (⅔) of the annual salary now received by the Justices of the Supreme Court or judges of Superior Court, respectively, payable monthly.

"Sec. 2.  The persons embraced within the provisions of this act are hereby constituted special or emergency judges of the Superior Court under Article IV, section 11, of the Constitution of this State, and are authorized to hold the Superior Courts of any county or district when the judge assigned thereto, by reason of sickness, disability, or other cause, is unable to attend and hold said court, and when no other judge is available to hold the same, and to hold special terms when commissioned so to do by the Governor, and as compensation for holding such special terms shall receive their actual expenses and in addition thereto fifty dollars per week, to be paid by the county in which such special term is held.

"In case of emergency arising as provided in said section, the Governor shall designate the person to act as emergency judge, who shall receive his actual expenses only incurred while so acting, to be paid by the Treasurer upon warrant of the Auditor, upon certificate of the judge: *Provided,* that the county asking the Governor for an emergency judge shall have the privilege of requesting the assignment of a particular judge.

"Sec. 3. That such emergency judges shall be subject to all the regulations respecting Superior Court judges, except as otherwise provided herein."

(Section 2 of chapter 20, Extra Session 1921, not copied, as not germane.)  Public Laws 1921, ch. 125; Public Laws, Extra Session 1921, ch. 20.

Laws 1921, Extra Session, ch. 94, secs. 1 and 2, are as follows:

"Section 1. That special or emergency judges provided for in chapter one hundred and twenty-five, Public Laws of one thousand nine hundred and twenty-one, shall at all times have the same jurisdiction in matters of injunction, receivership, and *habeas corpus* as any other Superior Court judge.

"Sec. 2. That if any special or emergency judge has made any matters returnable before him, and subsequent thereto he should be called upon by the Governor to hold court elsewhere, said judge shall make an order directing said matter to be heard before some other judge, setting forth in said order the time and place same is to be heard, and send a copy of said order to the attorney or attorneys representing the parties plaintiff and defendant in such matters."

Public Laws 1923, ch. 66, secs. 1 and 2, are as follows:

"Section 1. That in all civil actions and special proceedings instituted in the Superior Court in which a commissioner or commissioners are appointed under a judgment by the clerk of said court, said clerk shall have full power and authority, and he is hereby authorized and empowered, to fix and determine and allow to such commissioner or commissioners a reasonable fee for their services performed under such order, decree, or judgment, which fee shall be taxed as a part of the costs in such action or proceeding, and any dissatisfied party shall have the right of appeal to the judge, who shall hear the same *de novo*.

"Sec. 2. That in all special proceedings where it is now by law required that the orders, judgments and decrees of the clerk shall be approved or heard by the judge of the Superior Court, the emergency judges shall have full power and authority and jurisdiction to hear and determine such matters under the course and practice of the court."

State Constitution, Art. IV, sec. 11, is as follows:

"Every judge of the Superior Court shall reside in the district for which he is elected. The judge shall preside in the courts of the different districts successively, but no judge shall hold the courts in the same district oftener than once in four years; but in case of the protracted illness of the judge assigned to preside in any district, or of any other unavoidable accident to him, by reason of which he shall be unable to preside, the Governor may require any judge to hold one or more specified terms in said district in lieu of the judge assigned to hold the courts

of the said district; and the General Assembly may by general laws provide for the selection of special or emergency judges to hold the Superior Courts of any county or district when the judge assigned thereto, by reason of sickness, disability, or other cause, is unable to attend and hold said court, and when no other judge is available to hold the same. Such special or emergency judges shall have the power and authority of regular judges of the Superior Courts in the courts which they are so appointed to hold, and the General Assembly shall provide for their reasonable compensation."

Under the Constitution, the emergency judges *"shall have the power and authority of regular judges of the Superior Courts in the courts which they are so appointed to hold."* (Italics ours.)

The Legislature has seen fit to give emergency judges, by express language, the following power and authority: *"shall at all times have the same jursidiction, in matters of injunction, receivership, and habeas corpus as any other Superior Court judge."*

In construing this legislative enactment, with the constitutional provision on this subject, it would seem that a proper interpretation, and the intent of the Legislature, was to limit the writ of *mandamus,* and it could not be issued by emergency judges, except when they were holding regular terms of court, as provided by the Constitution and legislative act conforming thereto.

The application for this writ of *mandamus* was requested, not at a regular term of court which an emergency judge was holding, but at chambers. The emergency judge had no power or authority at chambers to issue a writ of *mandamus,* and there was no error in the order of the court below denying same.

For the reasons given, the judgment is

Affirmed.