GEORGE B. GREENE, COMMISSIONER OF COURT, v. H. STADIEM ET UX.

(Filed 2 October, 1929.)

1. **Evidence A a—Judicial notice will be taken of appointment of special judge.**

   The Supreme Court will take judicial notice on appeal of the appointment of a certain person as a special judge under the provisions of chapter 137, Public Laws 1929.

2. **Controversy without Action A a—Special judge is without jurisdiction to hear controversy when not holding term of court.**

   A special judge is without authority of law to hear and determine at chambers a controversy without action submitted under the provisions of C. S., 626, when the Governor has not specially appointed him under the provisions of statute to hold a term of court at that time, Constitution, Art. IV, sec. 11; Public Laws 1929, ch. 137, and the proceedings of a special judge under such circumstances are a nullity, and on appeal the cause will be dismissed.

APPEAL by defendants from *Cowper, Special Judge,* at Chambers in Kinston, 18 May, 1929. From LENOIR.

Controversy without action, submitted as follows:

"The plaintiff and the defendants, having a question in difference which might be the subject of a civil action, agree upon the following

statement containing the facts upon which the controversy depends, and present a submission of the same to the court, as provided in section 626 of the Consolidated Statutes of North Carolina, and do hereby stipulate and agree that G. V. Cowper, judge of the Superior Court of North Carolina, residing in Kinston, may hear this controversy without action at Chambers in Kinston, and render judgment herein."

From the judgment rendered on the facts agreed, the defendants appeal.

*Sutton & Greene for plaintiff.*
*F. E. Wallace for defendants.*

STACY, C. J.   The Court will take judicial notice of the fact that Hon. G. V. Cowper is one of the Special Judges appointed by the Governor under authority of chapter 137, Public Laws 1929.   *Gross v. Wood,* 117 Md., 362, Ann. Cas., 1914A, 30, and note; 15 R. C. L., 1106. It is not suggested that he was designated or commissioned by the Governor to hold a regular or special term of the Superior Court of Lenoir County during the week of 18 May, 1929, when the judgment in the instant case was signed, but the contrary has been made to appear by certificate from the clerk of the Superior Court of said county.   Indeed, the judgment on its face purports to have been rendered "at Chambers."

It is provided by Article IV, section 11, of the State Constitution that every judge of the Superior Court shall reside in the district for which he is elected, and shall preside in the courts of the different districts successively, but not in the same district oftener than once in four years, etc.; "and the General Assembly may by general laws provide for the selection of special or emergency judges to hold the Superior Courts of any county or district when the judge assigned thereto, by reason of sickness, disability, or other cause, is unable to attend and hold said court, and when no other judge is available to hold the same.   Such special or emergency judges shall have the power and authority of regular judges of the Superior Courts, in the courts which they are so appointed to hold."

Pursuant to this provision of the Constitution the General Assembly of 1929, by general law, chapter 137, authorized the Governor to appoint six Special Judges of the Superior Courts for terms beginning 1 July, 1929, and ending 30 June, 1931, and to issue commissions accordingly.

Section 5 of the said act provides: "That such special judges during the time noted in their commissions shall have all the jurisdiction which is now or may be hereafter lawfully exercised by the regular judges of the Superior Courts in the courts which they are appointed or assigned

by the Governor to hold, and shall have power to determine all matters and injunctions, receiverships, motions, habeas corpus proceedings and special proceedings on appeal otherwise properly before them; but writs of injunction, orders to show cause, and other remedial or amendatory writs, orders and notices shall be returnable before them only in the county where the suit, proceeding or other cause is pending unless such judge is then holding the courts of that district, in which case the same may be returnable before him as before the regular judge of the Superior Court; and the same when issued by any such special judge, may always be made returnable by him before the resident or presiding Superior Court judge of each district to the same extent and in the same manner as any Superior Court judge might do in like cases."

Thus it will be seen that under the constitutional provision above mentioned, special or emergency judges are to have the power and authority of regular judges of the Superior Courts "in the courts which they are so appointed to hold." And under the act of their appointment, chapter 137, Public Laws 1929, they are to have all the jurisdiction exercised by regular judges of the Superior Courts "in the courts which they are appointed or assigned by the Governor to hold." It is further provided in said act that such special judges "shall have power to determine all matters . . . otherwise properly before them." But we find no authority for a special or emergency judge to determine a controversy without action at Chambers when he is not holding a term of court. *Dunn v. Taylor,* 186 N. C., 254, 119 S. E., 495. Nor do we apprehend that the Legislature, in excess of its own authority, undertook to clothe special judges with more power than the Constitution permits. If so, to the extent of such excess, the act would be wanting in constitutionality.

It is provided by C. S., 626, that parties to a question in difference which might be the subject of a civil action may agree upon a case containing the facts upon which the question depends, and present a submission of the controversy without action to any court "which would have jurisdiction if an action had been brought." *Drug Co. v. Lenoir,* 160 N. C., 571, 76 S. E., 480.

It follows, therefore, that as the special judge to whom the controversy was submitted, by agreement of the parties, had not been commissioned by the Governor to hold a court in Lenoir County at the time of signing the judgment, he was without authority to determine the matter. Hence the proceeding is a nullity, being *coram non judice,* and the judgment is void.

Dismissed.