MARY W. BOHANNON v. VIRGINIA TRUST COMPANY.

(Filed 21 May, 1930.)

**1. Appeal and Error D a—Appeal from order or judgment stays further proceedings in lower court in respect thereto pending appeal.**

Where a temporary restraining order has been entered in a cause, and thereafter an order has been issued removing the cause to another county for trial, and an appeal is taken from the order of removal, the appeal stays all further proceedings in the lower courts upon the matter appealed from or upon matters embraced therein, and an order dissolving the temporary order, made pending the appeal by a special judge at chambers in the county to which the action was removed is improvidently entered, the court having no jurisdiction until the determination of the appeal involving the right of removal. C. S., 655.

**2. Evidence A a: Judges A b—Special judge is without authority to hear motions in a cause when not commissioned to hold term of court.**

Judicial notice may be taken of the fact that a certain person is a special judge appointed by the Governor under authority of chapter 137, Public Laws of 1929, and unless such special judge has been duly commissioned to hold and was holding the courts of the district at the time, he is without authority to hear and determine a motion to dissolve a temporary restraining order, but where the record is silent as to whether he was so commissioned at the time of hearing the motion the Supreme Court will omit any definite ruling on this ground.

APPEAL by plaintiff from *MacRae, Special Judge,* at Chambers in Asheville, 13 February, 1930. From BUNCOMBE.

After this cause had been removed from Catawba County to Buncombe County for trial, and while an appeal from said order was pending, the defendant lodged a motion before "Hon. Cameron F. MacRae, judge presiding in the Nineteenth Judicial District," to dissolve the temporary restraining order, originally entered in the cause and made

returnable before Hon. A. M. Stack at Monroe, N. C., but upon which no hearing had been held or ruling made.

The plaintiff, in apt time, objected to the jurisdiction and authority of MacRae, Special Judge, to make or enter any order affecting the rights of the plaintiff, which objection was overruled, and an order was entered 13 February, 1930, by "His Honor, Cameron F. MacRae, judge presiding and holding the courts of the Nineteenth Judicial District, at his Chambers in the city of Asheville," dissolving and dismissing said temporary restraining order. Plaintiff appeals, assigning errors.

*Louis A. Whitener and A. A. Whitener for plaintiff.*
*Bourne, Parker & Jones for defendant.*

STACY, C. J., after stating the case: The order, here challenged, was improvidently entered because an appeal had been taken from the order removing the cause to Buncombe County for trial, and this stayed "all further proceedings in the court below upon the judgment appealed from, or upon the matters embraced therein." C. S., 655; *Pruett v. Power Co.,* 167 N. C., 598, 83 S. E., 830.

But for the order of removal, which was challenged by the appeal therefrom, the Superior Court of Buncombe County was without jurisdiction to hear the matter. Hence, the very question sought to be determined by the appeal from the order of removal was the right of the Superior Court of Catawba County to transfer the cause to Buncombe County for trial. *McRae v. Commissioners,* 74 N. C., 415.

Nothing was said in *Huntley v. Express Co.,* 191 N. C., 696, 132 S. E., 786, which militates against our present position, for the decision in that case was made to rest upon other statutes and other laws.

Again, judicial notice may be taken of the fact that Hon. Cameron F. MacRae is one of the special judges appointed by the Governor under authority of chapter 137, Public Laws 1929, and unless he had been duly commissioned to hold, and was holding, court in Buncombe County or the courts of the Nineteenth Judicial District at the time the judgment was signed, which purports to have been rendered "at Chambers," he was also, for this reason, without authority to determine the matter. *Greene v. Stadiem,* 197 N. C., 472, 149 S. E., 685. The record is silent as to whether he held such commission, and we, therefore, omit any definite ruling on this ground.

Error.