### BEULAH B. GOODMAN v. L. VICTOR GOODMAN.

(Filed 16 December, 1931.)

**Appeal and Error D a—Court may disregard attempted appeal from discretionary order setting aside verdict and proceed with second trial.**

Where the trial court sets aside a verdict in his discretion as being against the weight of the evidence and the defendant excepts and notes an appeal, and later during the same term the case is again called for

trial, *Held:* the defendant's prayer that further proceedings be stayed until the appeal previously taken could be determined is properly refused, the trial court having the right to set aside a verdict in his discretion at any time during the term while the matter is *in fieri,* and is justified in disregarding the attempted appeal from his order setting the verdict aside.

APPEAL by defendant from *Stack, J.,* at July Term, 1931, of BUN-COMBE.

Application for alimony without divorce.

From an adverse verdict and order awarding an allowance for subsistence and counsel fees, the defendant appeals, assigning errors.

*Zeb. F. Curtis and Ellis C. Jones for plaintiff.*
*Wells, Blackstock & Taylor for defendant.*

STACY, C. J. This is the second appeal in this case which was tried twice at the same term of Buncombe Superior Court.

The verdict rendered in the first trial was set aside by the judge, in the exercise of his discretion, because he regarded it as contrary to the weight of the evidence. To this ruling, the defendant objected, excepted, and noted an appeal.

When the case was called for trial again, later in the term, the defendant prayed that further proceedings be stayed until the appeal, previously taken, could be determined, and objected to entering upon another trial of the cause. For this position, he relies upon *Bohannon v. Trust Co.,* 198 N. C., 702, 153 S. E., 263, *Likas v. Lackey,* 186 N. C., 398, 119 S. E., 763, *Pruett v. Power Co.,* 167 N. C., 598, 83 S. E., 830; C. S., 655.

So long as the matter was *in fieri,* the keeping of the verdict resided in the breast of the judge, and he was at liberty, at any time during the term, in the exercise of a sound discretion, to set it aside and to award a new trial, from which ruling no appeal lies. *Goodman v. Goodman, post,* 808. Therefore, the court was justified in disregarding the attempted appeal from the order vacating the verdict returned in the first trial. *Likas v. Lackey, supra.* The remaining exceptions are without substantial merit.

No error.