E. McL. WILSON ET AL. v. O. O. ALLSBROOK ET AL.

(Filed 10 January, 1934.)

**Reference C d—Held: appellant was not prejudiced by affirmance of supplemental report, and judgment of affirmance is upheld.**

· The findings of fact by the referee, supported by evidence and approved by the trial court are conclusive on appeal unless some error of law has been committed in the hearing, and where an order remanding the case to the referee for additional facts has been entered, and on appeal therefrom the order is affirmed, a hearing by the referee after notice without further order from the court, and his finding of such additional facts will not support an appeal, it appearing that no prejudice has resulted to appellants by failure of the trial court to order the case remanded after affirmance of the appeal if such order was necessary, the additional findings being supported by evidence and being approved by the trial court, but if such order is necessary it could be entered *nunc pro tunc.*

APPEAL by plaintiffs from *Sinclair, J.,* at May Term, 1933, of NEW HANOVER.

Civil action to restrain threatened foreclosure under third deed of trust, and for an accounting.

*I. C. Wright for plaintiffs.*
*Charles B. Newcomb and John A. Stevens for defendants.*

STACY, C. J. At the February Term, 1932, New Hanover Superior Court, there was a consent reference in this cause. At the June Term, 1932, judgment confirming the report of the referee was entered, from which the plaintiffs appealed. The cause was remanded for an additional finding of fact. 203 N. C., 498, 166 S. E., 313.

At the February Term, 1933, over objection of plaintiffs, the matter was remanded to the referee for the additional fact to be found, in accordance with the opinion of the Supreme Court. The plaintiffs again appealed. 204 N. C., 479, 168 S. E., 676.

WILSON v. ALLSBROOK.

Pending this second appeal, the referee, on 2 March, 1933, filed his supplemental report ostensibly upon the evidence already taken and without any additional hearing or notice to the parties. This was irregular. *Griffin v. Bank, ante,* 253; *Bohannon v. Trust Co.,* 198 N. C., 702, 153 S. E., 263; *Pruett v. Power Co.,* 167 N. C., 598, 83 S. E., 830.

Recognizing the inappropriateness of this procedure, the referee, following the judgment of affirmance on appeal, opinion filed 5 April, 1933, 204 N. C., 479, 168 S. E., 676, gave notice of hearing, took additional evidence, made his additional finding of fact and reported the same to the court in a supplemental report filed 17 May, 1933. Exceptions were duly filed to this report, which were overruled, and the same confirmed in all respects at the May Term, 1933. Plaintiffs again appeal.

The supplemental report is supported by ample evidence, and the same has been approved by the judge of the Superior Court. This would seem to end the matter. *Kenney v. Hotel Co.,* 194 N. C., 44, 138 S. E., 349.

It is settled by all the decisions on the subject, with none to the contrary, that the findings of fact, made by a referee and approved by the trial judge, are not subject to review on appeal, if supported by any competent evidence, unless some error of law has been committed in the hearing of the cause. *Corbett v. R. R., ante,* 85; *Wallace v. Benner,* 200 N. C., 124, 156 S. E., 795; *Crown Co. v. Jones,* 196 N. C., 208, 145 S. E., 5; *Robinson v. Johnson,* 174 N. C., 232, 93 S. E., 743; *Thompson v. Smith,* 156 N. C., 345, 72 S. E., 379 (opinion by *Walker, J.,* pointing out the difference between the duties of the trial court and the appellate court in dealing with exceptions to reports of referees); *Dorsey v. Mining Co.,* 177 N. C., 60, 97 S. E., 746.

But it is the position of the plaintiffs that the referee was without authority to proceed in the cause in the absence of an order remanding the case to him following the judgment of affirmance rendered 5 April, 1933. Conceding, without deciding, that the plaintiffs' position in this respect may be well taken, we fail to see wherein the plaintiffs have been prejudiced by the course pursued in the court below. The matter had already been remanded to the referee, and this was affirmed on appeal. 204 N. C., 479, 168 S. E., 676. But if need be, an order *nunc pro tunc* would cure any defect. *Powell v. Fertilizer Works, ante,* 311. The plaintiffs were given a hearing by the referee, additional testimony was taken, and the supplemental report has been reviewed on exceptions by the judge. This same procedure would be followed again, if the judgment were vacated.

Affirmed.