C. F. HARVEY, Assignee of J. J. Desmond, v. J. R. RICH, G. A. MEARES, A. C. DAVIS and W. H. PENLAND.

### Removal of Action—Nolle Prosequi.

An action brought in one county against the Sheriff of another, and also against other parties (who had executed to him an indemnity bond) for the unlawful seizure and sale of goods under execution, if a *nol. pros.* is entered as to the Sheriff, his co-defendants are not entitled to have the cause removed to the county of the Sheriff for trial.

*Vide Harvey* v. *Brevard, ante,* p. 93.

This was a motion by defendants to remove the case for trial to Buncombe county, under §§ 191 and 195 of *The Code*, heard before *Clark, Judge*, at Fall Term, 1886, of LENOIR Superior Court.

The facts were, that J. J. Desmond, a merchant in Asheville, had made an assignment of his stock of goods to the plaintiff to secure certain debts. Certain judgment creditors of Desmond sued out executions on their judgments, and placed the same in the hands of J. R. Rich, sheriff of Bun-

combe, and directed him to levy on said stock, alleging that said assignment was fraudulent as to them, and executed to said sheriff a bond indemnifying him against damages in respect to said levy. And thereupon the sheriff levied the executions upon said stock ; and this action was brought against the sheriff and the other defendants (some of them obligors on said bond) to recover damages on account of said levy. A *nolle prosequi* was entered by the plaintiff as to the said sheriff.

His Honor refused the motion, and the defendants appealed.

*Mr. J. B. Batchelor*, for the plaintiff.
*Messrs. Geo. V. Strong* and *E. R. Stamps*, for the defendants.

SMITH, C. J. This case differs from that of *Harvey* v. *Brevard*, in that the summons was issued against and served upon the defendant Rich, the sheriff of Buncombe, who made the seizure of the goods and committed the alleged trespass, as well as upon others, part of those who gave the bond of indemnity. The same motion for removal, and upon the same grounds, were made when a *nolle prosequi* was entered as to the said Rich, and the action placed thereby in the same position as the other.

The Court refused the motion, and the defendants appealed.

It is not necessary to determine whether the effect of suing those not entitled, with the officer who is, to the privilege conferred, would not make it common to all, while the association of all in one action remains, but the *nolle prosequi* having separated them, and the officer being no longer in the suit, we see no reason why it may not proceed against the others as if he had never been a party, when done in proper time.

We therefore affirm the judgment, refusing the motion to remove.

No error.                                        Affirmed.