## STEPHENS *v.* ST. LOUIS & S. F. R. Co.

*(Circuit Court, W. D. Arkansas. October 5, 1891.)*

**1. REMOVAL OF CAUSES—MOTION TO REMAND—EVIDENCE.**
On a motion to remand a case sought to be brought to a federal court from a state court by removal, when it is alleged the record of the state court misstates the facts because of an error on the part of a ministerial officer of the state court in making up the record, parol testimony is competent to show the fact, though the same may contradict the record as made up by the clerk.

**2. SAME—CITIZENSHIP OF CORPORATIONS.**
The St. Louis & San Francisco Railroad Company was first chartered by the state of Missouri. Then it was adopted as a corporation of Arkansas. Such adoption does not take away its character as a Missouri corporation, and, as such, the same is a citizen of the state of Missouri, and, as a citizen of such state, when sued by a citizen of Arkansas in a state court of Arkansas, it may secure the removal of a suit to the federal court.

*(Syllabus by the Court.)*

At Law.

*Walker, Walker & Walker* and *Rogers & Read,* for plaintiff.
*B. R. Davidson* and *Clayton, Brizzolara & Forrester,* for defendant.

PARKER, J. This is a suit for the recovery of damages of the defendant, which was brought in the circuit court of the state of Arkansas for Washington county, and, as a foundation for damages, the plaintiff states that he bought a ticket of defendant's agent, authorizing him, as a passenger, to pass over said road in defendant's cars from St. Louis, in Missouri, to Newburg, in said state, a distance of 120 miles; that the agents and servants of defendant, acting for it, before he had reached the end of his journey, to-wit, at St. Louis, wrongfully, forcibly, and unlawfully forced, drove, threw, and expelled the said plaintiff from the cars of defendant; that they struck, beat, kicked, choked, and wounded him; that they tore his clothes, and prevented him from riding in defendant's cars; that he was prevented from completing his journey. For this the plain-

tiff claimed damages to the amount of $4,999. On the 15th of May, 1891, defendant filed a petition and the necessary bond with the circuit clerk of Washington county for the removal of the case to this court. On the same day plaintiff asked permission of the court, and was allowed, to amend his complaint, so that the amount of damages prayed for would be $1,999. By the record as made up by the clerk it appears that on the 15th of May, 1891, the plaintiff asked leave to amend his complaint by striking out the sum of $4,999, as the amount of damages claimed by the plaintiff, and to insert in lieu thereof the sum of $1,999, "which [as the record recites] is by the court granted, and it is ordered that the same be so amended." The record further recites:

"Whereupon comes the defendant, and files its answer, and also files and presents to the court its petition and bond in due form of law, praying in said petition to transfer this cause to the United States court for the western district of Arkansas, which petition is by the court denied, for the reason that the amount of damages claimed by plaintiff in his amended complaint herein is not in amount sufficient to authorize such transfer to said United States court."

The defendant obtained a transcript of the proceedings, and on July 21, 1891, filed the same in this court. The plaintiff filed his motion to remand the cause to the state court, because—*First*, the amount in controversy is less than $2,000; and, *second*, because the court has no jurisdiction over the parties to this action. To sustain the first cause the plaintiff claims that the amendment to the complaint, changing the amount of damages prayed for so that it was less than $2,000, was made prior to the time the defendant filed its petition and bond for removal, so that at the time of filing the same the amount was not sufficient to authorize a removal. The record, as set out above, shows that petition and bond for removal were filed after the amendment changing the amount of damages had been made. The defendant says this is not correct; that the petition and bond for removal were filed about 1:30 o'clock P. M. on the 15th of May; that the amendment was not asked for and was not made until between 5 and 6 o'clock of the afternoon of that day. The petition for removal, which is a part of the record, states "that the matter and amount in dispute in the above-entitled cause exceeds, exclusive of costs, the sum of $2,000." The clerk of the court (Mr. Scott) was called as a witness by the defendant, and he testified, on the hearing of the motion to remand, that the petition and bond for removal were filed at about 1:30 o'clock P. M. on the 15th of May, and that the order amending the complaint was not made until about 5 o'clock P. M. of that day. The plaintiff claims this evidence cannot be heard against the record of the state court, because it cannot be attacked by parol evidence. This is not a collateral attack of the record,—that is, where a thing done is questioned in an independent proceeding; but it is an attack upon its correctness in the same case, and as though it was made in the same court which made the record. This proceeding stands as though it was a motion made in the same court which made the record to correct the same because a mistake had been made, for this court takes up the case where the state

court left off, and proceeds in it as that court would have proceeded. The effort here is to make the record speak the truth as to what was done, upon the suggestion that its ministerial officer by mistake has not correctly recorded the proceedings in the order in which they occurred. When this is sought to be done, the fact of the error having been committed may be shown by parol evidence. *Jenkins* v. *Long*, 23 Ind. 460; *Brown* v. *Van Deuzer*, 10 Johns. 51; *Trafton* v. *Rogers*, 13 Me. 315; 2 Whart. Ev. § 983. This being the rule, under it the evidence of the clerk is admissible. He states as a witness that the amendment to the complaint reducing the amount of damages claimed below $2,000 was not made by the court until some time after 5 o'clock P. M. of the 15th day of May last, and that the petition and bond for removal were filed about 1:30 o'clock P. M. of that day. This evidence of the clerk is strengthened by the petition for removal. I must take the fact that this amount of $1,999 was not the amount claimed in the complaint at the time of the filing of the petition and bond for removal as being established, and that at that time the amount was in excess of $2,000. The case as made by the complaint, and as it stood at the time of the filing of the petition and bond for removal, is the test of the right to a removal. *Graves* v. *Corbin*, 132 U. S. 571, 10 Sup. Ct. Rep. 196; *Jackson* v. *Allen*, 132 U. S. 27, 10 Sup. Ct. Rep. 9. If the amount was $2,000 at 1:30 o'clock P. M., when defendant filed its petition and bond for removal, and the other fact in the shape of the proper citizenship of the parties existed at that time, the effect was to work a removal of the case, and the rightful jurisdiction of the state court over the case ceased *eo instanti*. Section 75, c. 17, Dill. Rem. Causes. When the right of removal has become perfect, it cannot be taken away by a subsequent amendment in the state court, such as by a release of part of the debt or damages. *Mayor* v. *Cooper*, 6 Wall. 250; *Penrose* v. *Penrose*, 1 Fed. Rep. 479; Dill. Rem. Causes, c. 18, § 75. As far as amount is concerned, it was sufficient, under the law, to give the defendant the right of removal at the time it filed its petition and bond. But plaintiff in his motion sets out that the court has no jurisdiction of the parties. This is because the defendant is a corporation of the state of Arkansas, and the petition for removal shows that plaintiff is a citizen of Arkansas. The complaint also alleges that the defendant is a citizen of Missouri. This court held in *James* v. *Railroad Co.*, 46 Fed. Rep. 47, that defendant, a corporation of Missouri, had, by virtue of the act of the Arkansas legislature of March 13, 1889, become also a corporation of Arkansas. But did this act make it any less a corporation of Missouri, by which state it was first incorporated? The fact that the defendant holds and exercises chartered powers by the common legislation of two states, and exercises a common citizenship of those states, does not destroy its right as a citizen of Missouri, for it does not take away the fact of its citizenship in such state. *Horne* v. *Railroad Co.*, 62 N. H. 454, and *Horne* v. *Railroad Co.*, 18 Fed. Rep. 50; *Railway Co.* v. *Whitton*, 13 Wall. 270. The reasoning of the court in *Chicago & W. I. R. Co.* v. *Lake Shore & M. S. R. Co.*, 5 Fed. Rep. 19, and in *Uphoff* v. *Railway Co.*. Id. 545

and *Nashua & L. R. Corp.* v. *Boston & L. R. Corp.*, 136 U. S. 356, 10 Sup. Ct. Rep. 1004, as I conceive, fully sustains the above position. The supreme court in the last-named case said:

"From the cases we have cited, it is evident that, by the general law, railroad companies created by two or more states, though joined in their interests, in the operations of their roads, in the issue of their stock, and in the division of their profits, so as practically to be a single corporation, do not lose their identity, and that each one has its existence and its standing in the courts of the country only by virtue of the legislation of the state by which it is created."

The effect of the legislation of Arkansas making the defendant a corporation of the state of Arkansas cannot be so construed as to take away the right of the defendant, created by law a citizen of Missouri, from going into the federal court, or hindering a citizen from bringing a suit against it in such courts, as to do so would be an exercise of power by the legislature of the state, which, under the constitution of the United States, belongs alone to congress,—that of defining the jurisdiction of the federal courts. I believe the situation of the parties in the case is such that jurisdiction exists in this court.

The motion to remand will be overruled.