### THE ALLEN-FLEMING COMPANY v. SOUTHERN RAILWAY COMPANY.

(Filed 11 September, 1907).

1. **Corporations—Jurisdiction—Justice of the Peace—Foreign Defendant—Process.**

     The provisions that no process shall be issued by a justice of the peace to another county unless there is one or more resident and one or more non-resident defendants (Revisal, sec. 1447) do not apply to foreign corporations. Under Revisal, sec. 1448, summons issued to a foreign corporation in another county where it has a process agent, properly certified under seal of the Clerk of the Superior Court, served on such corporation or its agent more than twenty days before the return day, is valid.

2. **Penalty—Venue.**

     An action for a penalty can be brought against a foreign defendant before a justice of the peace in any county in which the defendant does business or has property, or where plaintiff resides. Revisal, sec. 423.

3. **Same—Removal.**

     If an action is brought in the Superior Court in the wrong county to recover a penalty, it will not be dismissed, but removed to the proper county, if asked in apt time. Revisal, sec. 425.

4. **Appeal and Error—Motion to Dismiss—Special Appearance.**

     In an action begun before a justice of the peace the defendant may enter a special appearance and move to dismiss; but, after judgment rendered, it may not enter a special appearance by appeal there, nor in the Superior Court, for the purpose of the motion.

ACTION to recover penalty of railroad company, heard by *Lyon, J.,* upon appeal from a court of a justice of the peace, at June Term, 1907, of the Superior Court of WARREN.

*T. M. Pittman* and *J. H. Kerr* for plaintiff.
*F. H. Busbee & Son* and *W. B. Rodman* for defendant.

CLARK, C. J.    This was an action begun before a justice of the peace in Warren County against the Southern Railway Company and Seaboard Air Line Railway Company for the penalty for unreasonable delay in transportation of goods shipped 22 January, 1907, from High Point, N. C., on the line of the former road, and delivered to the consignee, the plaintiff, at Warrenton, a station on the last-named road, 14 February, 1907.    The summons was issued 9 March, 1907, returnable 8 April, 1907, and duly served in the manner required by law upon both companies.    The summons, duly certified, as required by Revisal, sec. 1448, was served upon the agent of the Southern Railway Company at Henderson, in Vance County, 11 March, 1907.    The Southern Railway Company made no appearance at the trial before the justice, though it did appear at the taking of a deposition, and entered a special appearance as to that.    At the trial before the justice, 3 June, 1907, judgment was rendered in favor of the Seaboard Air Line Railway Company and against the Southern Railway Company.    On 8 June the latter served notice of appeal, as follows: "The Southern Railway Company enters a special appearance and appeals from the judgment," on the ground, recited in the notice, that "the justice had no jurisdiction of the action, that the parties were improperly joined, and that the judgment was contrary to the law and the facts."

On the trial in the Superior Court a jury was waived and the Judge found the facts—that the shipment was received by the Southern Railway, at High Point, 22 January, 1907; that it arrived at Durham, a station on that road, 25 January,

1907, but was not delivered to the Seaboard Air Line Railway Company at that point till 7 February, 1907, which the Court held an unreasonable delay of nine days, and rendered judgment accordingly. The Southern Railway Company, the sole defendant in the Superior Court, moved to dismiss for want of jurisdiction, because the Seaboard Air Line Railway was not a resident of Warren County, the Court having held that it had its principal office in Raleigh, Wake County, and that the Southern was a non-resident corporation, without any part of its track or any local agent in Warren County, and that the justice could not issue this summons to another county. It made a motion to dismiss on the above ground, and asked to enter a special appearance. The Court refused the motion to dismiss, and entered judgment for $32.50.

The sole point presented is, that the justice did not acquire jurisdiction by service of summons upon the defendant, the Southern Railway Company, in another county.

The defendant relies upon Revisal, sec. 1447: "No process shall be issued by any justice of the peace to any county other than his own, unless one or more *bona fide* defendants shall reside in and also one or more *bona fide* defendants shall reside outside of his county." But this does not apply to foreign corporations. The next section (1448) is entitled "Service on Foreign Corporations," and provides: "Wherever any action of which a justice of the peace has jurisdiction shall be brought against a foreign corporation, which corporation is required to maintain a process agent in this State, the summons may be issued to the Sheriff of the county in which such process agent resides, and, when certified under the seal of his office by the Clerk of the Superior Court of the county in which the justice issuing such summons resides to be under the hand of such justice, the Sheriff of the county to which such summons shall be issued shall serve the same, as in other cases, and make due return thereof," and there is a further

provision that in such cases the summons must be served twenty days before return day.

This section governs this case. The justice had jurisdiction of the cause of action, the certificate was made by the clerk as required, service was made upon an agent of the Southern Railway Company, a foreign corporation, at Henderson, upon whom process against it could be served, and service was made more than twenty days before the return day of the summons. Section 1448 is specially provided for service of justices' summons upon a foreign corporation beyond the limits of the justice's county. Service of summons upon the Seaboard Air Line Railway Company was properly made on its local agent (Rev., sec. 440), and there is no provision for removal to another county in an action before a justice of the peace. Besides, it made no objection; neither does the venue of an action against it concern the Southern Railway Company.

In the Superior Court it is true that an action for a penalty must ordinarily be tried in a county where some part of the cause of action arose. Rev., sec. 420. But, as to foreign corporations, the action can be brought either in such county or in any county in which it does business or has property, or where plaintiff resides. Rev., sec. 423. The penalty, if an action is brought in the wrong county, is not dismissed, but removed to the proper county, if asked in apt time. Rev., sec. 425. And there is this express *proviso* in section 424: That "in all actions against railroads the action may be tried either in the county where the cause of action arose or in an adjoining county, or where plaintiff then resided."

Whether joining the Seaboard Air Line Railway Company made it merely a superfluous party, of which the Southern Railway Company could not complain, or was ground for a demurrer requiring, if made, a division of the action, or was a proper joinder, making it a matter of proof as to which defendant was liable for the delay, is a matter not before us,

as there was no demurrer, and, besides, the Seaboard Air Line Railway Company was eliminated from the action by the justice's judgment.   Certainly, the Southern Railway being the initial railroad, the burden is upon it to show delivery without unreasonable delay to the next company.   *Meredith v. Railroad,* 137 N. C., 478.   As to the Southern Railway Company, a justice of the peace in Warren could issue summons against it in favor of a plaintiff in that county (it being a foreign corporation), to be served in another county, under the express terms of section 1448, whose requirements were strictly complied with.

The appellant could have appeared specially before the justice and have moved to dismiss, and, if that were denied, it could have preserved its point by an exception filed and proceeded to trial.   But, after being duly served with process, it entered no special appearance in that court.   Its special appearance before the commissioner in taking the deposition merely saved a point which it could have made, but did not, at the trial before the justice.   It could not appeal by a special appearance.   This has been fully discussed and distinctly held.   *Clark v. Mfg. Co.,* 110 N. C., 111; *Finlayson v. Accident Association,* 109 N. C., 196; *Guilford v. Georgia, ibid.,* 310; *Plemmons v. Improvement Co.,* 108 N. C., 614, and, more recently, *Scott v. Life Association,* 137 N. C., 515. The defendant, not having taken the exception in the justice's court, could not, after judgment there, enter a special appearance by his appeal, nor in the Superior Court.   In deference to the request of defendant's counsel, however, we have passed upon the exception to service of summons as if made in apt time.

Affirmed.