## L. B. HUNTLEY v. SOUTHEASTERN EXPRESS COMPANY.

### (Filed 5 May, 1926.)

**Removal of Causes—Federal Courts—Jurisdiction—State Court—Orders —Pleadings—Nonsuit.**

> Where a suit is properly removable from the State to the Federal Court for diversity of citizenship, the jurisdiction of the State court terminates upon the filing by the nonresident defendant of a proper petition and bond therefor, within the time prescribed, and further orders of the State court allowing amendment to confer jurisdiction on it in respect to the amount involved, or permitting the plaintiff to take a voluntary nonsuit, is without effect.

APPEAL by defendant from *Stack, J.,* at May Term, 1925, of CALDWELL.

Civil action to recover damages for an alleged negligent injury, instituted by plaintiff, a citizen and resident of Caldwell County, North Carolina, against the defendant, a corporation chartered under the laws of the State of Georgia.

The defendant, in apt time, filed its petition and bond for removal of the cause to the District Court of the United States for the Western District of North Carolina for trial, on the ground of diverse citizenship. Upon the hearing of said petition before the clerk, the plaintiff

was allowed to reduce the amount of his claim, as set out in the complaint, from $10,000 to $2,999, and the petition was thereupon denied. The defendant excepted and appealed to the judge; and on the hearing before the judge, the plaintiff was allowed, over objection of the defendant, to submit to a voluntary nonsuit. From this judgment the defendant appeals, assigning error.

*No counsel for plaintiff.*
*Squires & Whisnant for defendant.*

STACY, C. J. The petition for removal, besides showing the presence of the requisite jurisdictional amount, asserts a right of removal on the ground of diverse citizenship, or that the case is one between citizens of different states. U. S. Judicial Code, sec. 28.

The cause being a proper one for removal, and the petition and bond having been filed in apt time, it was error for the clerk or the judge of the State Court to enter any order therein, affecting the rights of the parties, save the order of removal. *Kern v. Huidekoper,* 103 U. S., 485.

When a sufficient cause for removal is made out in the State Court, the rightful jurisdiction of that court comes to an end, and no further proceedings can properly be had therein unless and until its jurisdiction has been restored. *Baltimore, etc., R. Co. v. Koontz,* 104 U. S., 5.

It has been held that after the due filing of petition and bond, an amendment to the complaint, reducing the amount in controversy to a sum less than that required to give the Federal Court jurisdiction of the suit, will not defeat the jurisdiction of the Federal Court which has already attached. *Stephens v. St. Louis, etc., R. Co.,* 47 Fed., 530; *Lake Erie, etc., R. Co. v. Huffman,* 177 Ind., 126, Ann. Cas., 1914 C, 1272. But it has also been held that if the motion to amend precedes the filing of the petition to remove, the suit is not removable, even though the amendment has not actually been made. *Waite v. Phoenix Ins. Co.,* 62 Fed., 769. In the case at bar the motion to amend followed the petition to remove.

The jurisdiction of the Federal Court having attached immediately upon the filing of the petition and bond, and the jurisdiction of the State Court by the same act having been ousted, it follows that the judgment of nonsuit was erroneously entered in the State Court. *Nat. Steamship Co. v. Tugman,* 106 U. S., 118.

Reversed.