H. L. PALMER v. J. G. LOWE AND CRUNDEN-MARTIN
MANUFACTURING COMPANY.

(Filed 14 December, 1927.)

**1. Removal of Causes—Transfer of Causes—Venue—Statutes—Nonresidents—Transitory Actions.**

The venue of a civil action is regulated by statutes passed usually with regard to the convenience of the parties litigant, and the principle of venue in transitory actions has now but little value.

**2. Same—Rights of Sole Resident Defendant—Parties—Residence.**

Where a nonresident plaintiff brings action against a corporation existing under the laws of another State, with the joinder of a resident defendant of this State, and the venue in the action is laid here in a different county from that of the resident defendant, to recover damages alleged to have been caused by a negligent act, the venue is in the county of the resident defendant, C. S., 469, and the action is removable thereto upon his motion duly made. C. S., 467, 468, 463 not applying.

APPEAL by plaintiff from *Bowie, Special Judge,* at August Term, 1927, of MECKLENBURG. Affirmed.

The defendant Lowe in apt time moved for a change of venue from Mecklenburg to Cabarrus on the following facts:

1. The plaintiff is now, and was at the institution of this action, a citizen and resident of Alabama.

2. The defendant, J. G. Lowe, is now, and was at the institution of this action, a citizen and resident of Cabarrus County.

3. The defendant, Crunden-Martin Manufacturing Company, is now, and was at the institution of said action a corporation organized and existing under the laws of the State of Missouri.

4. This action was instituted by the plaintiff against defendants to recover damages for injuries alleged to have been sustained by the plaintiff on 10 December, 1926, by reason of being injured by an automobile operated by the defendants.

5. The alleged cause of action arose in the county of Mecklenburg.

Upon these facts the judge held as a matter of law that the cause should be removed to Cabarrus County. The plaintiff excepted and appealed.

C. S., 464, provides that actions for the recovery of a penalty or forfeiture imposed by statute and actions against a public officer for an act done by him by virtue of his office must be brought in the county where the cause or some part thereof arose. Section 465 has reference to official bonds, etc., and 466 to domestic corporations. Section 467 contains the provision that an action against a corporation created under the laws of any other State may be brought by a nonresident plaintiff in any county of this State in which the cause of action arose, or in which the corporation usually did business or has property. Section 468 fixes the venue in actions against railroads. Section 469 is as follows: "In all other cases the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement; or if none of the defendants reside in the State, then in the county in which the plaintiffs, or any of them, reside; and if none of the parties reside in the State, then the action may be tried in any county which the plaintiff designates in his summons and complaint, subject to the power of the court to change the place of trial, in the cases provided by statute."

*John M. Robinson for plaintiff.*

*Palmer & Blackwelder, Tillett, Tillett & Kennedy, and H. M. Jones for the defendant, Lowe.*

ADAMS, J. The plaintiff is a nonresident of this State; the Crunden-Martin Manufacturing Company is a foreign corporation; the defendant, Lowe, is a citizen and resident of Cabarrus County. If the suit had been brought against the corporation only, Mecklenburg would have been the proper venue. C. S., 467. If it had been brought against Lowe as the sole defendant, the proper county would have been Cabarrus. C. S., 469. But Lowe and the corporation are joint defendants. Had the plaintiff a right to determine the place of trial by electing between the two counties? It may be granted that a plaintiff may exercise such right when the controlling statute in express terms permits trial of the cause in any one of several counties. *Ange v. Woodmen,* 171 N. C., 40.

The appellant's exception is not to be determined by recourse to the distinction formerly prevailing between local and transitory actions; for in civil actions venue, as a rule, is entirely a matter of legislative discretion and, except in comparatively few instances, the distinction

has ceased to be of special importance. That such discretion has been exercised to the extent appearing in the several statutes relating to the subject is admitted. C. S., 463 *et seq.* Title VI of the Code of Civil Procedure, ratified 18 August, 1868, contained three sections fixing the place of trial. Under the first (sec. 66, C. S., 463) the venue is the county in which the subject of the action or some part of it is situated; under the second (sec. 67, C. S., 464), the county in which the cause of action arose; under the third (sec. 68 as first enacted), "the county in which the defendants or any of them shall reside at the commencement of the action; if none of the defendants shall reside in the State, then in the county in which the plaintiffs or any of them shall reside," etc. This section was amended, by inserting "plaintiffs" before "or the defendants" in the second line, and as amended is C. S., 469. Public Laws 1868-69, ch. 59. The purpose of the section as originally enacted and as amended was primarily to serve the convenience of parties residing in the State. This seems to be obvious from subsequent legislation and from subsequent decisions. In 1905 the section was again amended by adding the following: "*Provided,* that in all actions against railroads the action shall be tried either in the county where the cause of action arose or in the county where the plaintiff resided at the time the cause of action arose, or in some county adjoining the county in which the cause of action arose, subject, however, to the power of the court to change the place of trial in the cases provided by statute." Laws 1905, ch. 367; Rev., 424. Concerning this proviso the Court expressed an opinion in *Smith v. Patterson,* 159 N. C., 138—an action against the Southern Railway Company and one of its engineers to recover damages for the death of the plaintiff's intestate caused by the operation of one of the company's engines. The intestate when killed was a resident of Henderson County; the death occurred in the county of Polk; the plaintiff qualified as administrator in Henderson and brought suit in Mecklenburg, the county of his residence. The defendants moved for a change of venue to Henderson, and the motion was denied on the ground that the clause, "where the plaintiff resided at the time the cause of action arose," has reference to the individual holding the office and not to the place where he may have qualified. But the opinion by *Hoke, J.,* proceeds: "Without present decision of this question, however, we are all of opinion that the proviso to the section should be construed and held to apply to cases where a railroad company alone is defendant, and that the venue in actions where there are other parties defendant should come within the body of the act. This is not only the primary and natural meaning of the language used, but without express requirement it would be unreasonable to hold that the rights of all other litigants should be made subservient to a particular

class, and this without regard to the convenience of the parties or the amount of the interest involved." If, as suggested, "the convenience of the parties" is to be considered whatever doubt may exist should be resolved in favor of the resident defendant. It is far more just that a foreign corporation be made to defend in his county than that he be required at the election of the corporation to enforce his rights or to redress his wrongs in a county, however remote, in which the corporation may perchance own property or transact its business.

It was probably in deference to the opinion in *Smith v. Patterson, supra,* that the proviso in the act of 1905 was afterwards treated as an independent statute. C. S., 468. In analogy to the reasoning in that case it would seem that C. S., 467, should be construed as fixing the venue of an action against a foreign corporation by a nonresident of the State in the county in which the cause of action arises or in which the corporation does business or has property only in those cases in which the corporation is the sole defendant and not in those in which a resident of the State is jointly sued. We do not conceive it to have been the intention of the Legislature to confer upon a nonresident who has brought suit in the courts of this State against a foreign corporation and has joined as defendant a resident of the State the legal right to have the venue determined upon the theory of a suit between two nonresidents. On the contrary we are of opinion that a systematic view and a reasonable interpretation of the statutes regulating venue subordinate the convenience of nonresident to that of resident defendants. If the only parties are a nonresident plaintiff and a foreign corporation action may be brought in any county in which the cause of action arose, or in which the corporation does business or has property; but if the plaintiff after joining as defendant a resident of the State is permitted in disregard of section 469 to select the venue by virtue of section 467, it is not difficult to perceive how the resident defendant might be subjected to very serious disadvantage. But the contention of the appellee is not based entirely on the argument *ab inconvenienti*. It is in accord with the general rule that if a corporation is sued jointly with another a statute designating the venue in actions against corporations is not controlling. 14 A. C. J., 793, sec. 2879. In *Harrison v. Carbon Timber Co.,* 83 Pac., 215, one of the statutes prescribing venue provided that an action against a corporation might be brought in the county in which the corporation was situated or had its principal office or place of business. In another statute it was provided that "every other action must be brought in the county in which a defendant resides," etc. A corporation and an individual were joined as defendants and it was held that suit had properly been instituted in the county in which the individual defendant resided. Substantially the same con-

clusion was reached in *Eagle Iron Co. v. Baugh,* 41 So., 663. "The modern trend of all holdings along these lines looks to the convenience of the parties, saving of expense in procuring witnesses, and the acquaintance of jurors with the parties. All matters of this nature require that the litigation should be submitted as nearly as possible to the residence of the parties." *Gumbert v. Sheehan,* 206 N. W., 605. See *Nickell v. District Court,* 210 N. W., 563.

The cases cited by the plaintiff are not decisive of the question. In *Hannon v. Southern Power Co.,* 173 N. C., 520, the plaintiff was a resident of Gaston County in which the action was instituted. C. S., 467(1). The single point presented on the appeal in *Allen-Fleming Co. v. R. R.,* 145 N. C., 37, was whether the justice had acquired jurisdiction by service of summons on the defendant company under Rev., 1448, C. S., 1494. In *McCullen v. R. R.,* 146 N. C., 568, there were two causes of action but only one defendant, the Court holding that a suit could be prosecuted to recover both the penalty imposed and the special damages suffered by unreasonable delay in transporting the plaintiff's goods. The judgment is

Affirmed.