CAROLINA MORTGAGE COMPANY v. DR. V. M. LONG ET AL.

(Filed 2 May, 1934.)

**Appeal and Error L b—Adverse party held entitled to notice of motion for judgment on certificate of Supreme Court.**

Plaintiff is entitled to notice of a motion by defendant for judgment on the certificate of the Supreme Court reversing judgment of the lower court refusing defendant's motion for change of venue as a matter of right. In this case plaintiff was seeking a voluntary nonsuit, and is held entitled to move therefor before the judge prior to judgment on the certificate.

APPEAL by plaintiff from *Grady, J.,* at February Term, 1934, of WAKE.

Civil action to recover on promissory note, secured by deed of trust on land situate in Forsyth County.

On motion to remove cause to Forsyth County for trial, as a matter of right, there was judgment denying the motion, which was reversed on appeal, opinion filed 10 January, 1934, and certified to the Superior Court of Wake County 24 January. *Mortgage Co. v. Long,* 205 N. C., 533.

In the meantime, on 15 January, the plaintiff appeared before the clerk of the Superior Court of Wake County, paid the costs, and moved for voluntary judgment of nonsuit, which was allowed and entered of record. Costs in the Supreme Court were paid 19 January.

Thereafter, on 2 February, without notice to plaintiff's counsel, judgment was tendered and signed directing the clerk of the Superior Court of Wake County to transfer the action, together with all necessary papers filed therein, to the Superior Court of Forsyth County. Immediately after the signing of this judgment, the defendant filed answer with the clerk of the Superior Court of Wake County setting up a counterclaim for alleged usury.

The record states that at the time of signing the order of removal, the court was advertent to the fact that a voluntary judgment of nonsuit had previously been entered before the clerk, and that no notice had been given to plaintiff's counsel of the motion then being made for judgment on the certificate.

Plaintiff appeals, assigning error.

*John N. Duncan and W. G. Mordecai for plaintiff.*
*Elledge & Wells for defendants.*

STACY, C. J., after stating the case: Conceding, without deciding, that the judgment of voluntary nonsuit taken before the clerk was ineffectual,

because entered prior to receipt of opinion from this Court (*Mfg. Co. v. Buxton,* 105 N. C., 74, 11 S. E., 264, *R. R. v. Sanford,* 188 N. C., 218, 124 S. E., 308, *Huntley v. Express Co.,* 191 N. C., 696, 132 S. E., 786, *Bohannon v. Trust Co.,* 198 N. C., 702, 153 S. E., 263), still it would seem that plaintiff's counsel was entitled to notice of application for judgment on the certificate, so that nonsuit might then be entered before the judge, if the plaintiff so desired. *Carpenter v. Hanes,* 167 N. C., 551, 83 S. E., 577. This right will yet be accorded.

Error.