CLARENCE MASON v. SOUTHERN RAILWAY COMPANY ET AL.

(Filed 15 June, 1938.)

1. **Removal of Causes § 6—**

   When a cause is a proper one for removal, and adequate petition and bond are duly filed, no further orders substantially affecting the rights of the parties may be entered except the order of removal.

2. **Appeal and Error §§ 19, 31f—Petition is necessary part of record proper upon appeal involving nonresident's right to removal.**

   The corporate defendant duly filed petition and bond for removal and the individual defendant filed demurrer. On appeal to the judge, plaintiff was allowed to amend, and order was entered staying hearings on the motion to remove and the demurrer, and the corporate defendant appealed from this order. *Held:* The matter is determinable upon the petition, since in proper cases for removal, no order substantially affecting the rights of the parties may be entered after the filing of a proper petition and bond, and the petition not being in the record, the appeal must be dismissed for failure to bring up necessary parts of the record proper; and *held further,* no ruling having been made on the question of removal, the appeal would seem to be premature.

APPEAL by defendant Southern Railway Company from *Hamilton, Special Judge,* at January Term, 1938, of DURHAM.

Civil action to recover damages for an alleged negligent injury, instituted by plaintiff, a citizen and resident of Durham County, N. C., against the corporate defendant, "duly organized and chartered under the laws of another state," and the individual defendant, a citizen and resident of North Carolina.

The record states that, in apt time, the corporate defendant "filed a motion to remove the cause to the United States Court upon the grounds

of fraudulent joinder and separable controversy." The individual defendant duly filed demurrer to the complaint. The motion of the corporate defendant to remove was denied by the clerk, and on appeal to the judge, the plaintiff was allowed to amend his complaint for the purpose of setting forth new matter, correcting typographical errors, and clarifying the original complaint. In the meantime, hearings upon the motion to remove, and the demurrer of the individual defendant, were stayed.

From this order, the corporate defendant appeals, assigning errors.

*Oscar G. Barker and Emma Lee Smith for plaintiff, appellee.*
*Hedrick & Hall and W. T. Joyner for defendant Railway Company, appellant.*

STACY, C. J. When the cause is a proper one for removal and adequate petition and bond are duly filed, it is error for the clerk or the judge of the State court to enter any order therein substantially affecting the rights of the parties, save the order of removal. *Huntley v. Express Co.,* 191 N. C., 696, 132 S. E., 786; *Powell v. Watkins,* 172 N. C., 244, 90 S. E., 207; *Winslow v. Collins,* 110 N. C., 119, 14 S. E., 512.

Whether the petition in the instant case is sufficient to oust the jurisdiction of the Superior Court, and thus render the order appealed from nugatory, cannot be determined on the record, because the petition has been omitted from the transcript of the case on appeal. *Morganton v. Hutton,* 187 N. C., 736, 122 S. E., 842.

It is provided by Rule 19, section 1, of the Rules of Practice that "the pleadings on which the case is tried, the issues, and the judgment appealed from shall be a part of the transcript in all cases." Here, the matter was determined, or should have been determined, upon the defendant's petition, hence the petition ought to appear in the transcript of the case on appeal. *Abernethy v. Trust Co.,* 211 N. C., 450, 190 S. E., 735; *Bank v. McCullers, ibid.,* 327, 190 S. E., 217; *Riggan v. Harrison,* 203 N. C., 191, 165 S. E., 358. It is the uniform practice to dismiss an appeal for failure to send up necessary parts of the record proper. *Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126; *Waters v. Waters, ibid.,* 667, 155 S. E., 564.

Moreover, it would seem that the appeal is premature, as the judge of the Superior Court has not yet ruled on the question of removal.

Appeal dismissed.