W. C. CASSTEVENS, D/B/A W. C. CASSTEVENS COMPANY v. WILKES TELEPHONE MEMBERSHIP CORPORATION.

(Filed 24 May, 1961.)

**1. Venue § 3—**

A motion for change of venue made before expiration of time for filing answer is made in apt time, and when the cause is one which is triable in another county under provisions of statute, the right to removal is a substantial right.

.CASSTEVENS *v.* MEMBERSHIP CORP.

**2. Venue § 1—**

Venue is not jurisdictional since the 'Superior Court is a Court having state-wide jurisdiction, and venue may be waived or changed by consent of the parties, express or implied. G.S. 1-83.

**3. Venue § 2a—**

In an action on contract, an amendment which seeks to have plaintiff's claim declared a lien upon realty of defendant and the realty sold to satisfy the claim, constitutes the action one involving realty, and defendant is entitled to removal to the county in which the realty is situated upon his motion made in apt time.

**4. Venue § 3— Defendant held to have waived right to have motion for removal heard before amendment obviating ground for removal.**

Plaintiff's complaint as amended stated a cause *ex contractu* and demanded that the recovery be declared a lien on defendant's realty. Defendant moved for change of venue from the county of plaintiff's residence to the county in which the land is situate. Plaintiff moved to strike from his complaint the allegations upon which he demanded the lien. The parties agreed that both motions be heard at the same time. *Held:* The agreement for hearing the motions together waived defendant's right to have the motion to remove heard first, and upon the allowance of plaintiff's motion to amend the action was no longer subject to removal.

**5. Pleadings § 25—**

The trial court has almost unlimited authority to permit amendments to pleadings, both before and after judgment. G.S. 1-163.

APPEAL by defendant from *Gwyn, J.,* 24 October 1960 Term of GUILFORD — Greensboro Division.

Civil action instituted in Guilford County, where plaintiff resides, to recover for the alleged breach of a contract whereby plaintiff agreed to construct a telephone system for defendant in Wilkes County about 285 miles in length, and to recover damages for alleged fraud perpetrated on plaintiff by defendant, heard on a motion by defendant to remove the case for trial to Wilkes County as a matter of right, and on a motion by plaintiff to amend his complaint.

After plaintiff had filed his complaint, and before defendant had answered and before its time for answering had expired, plaintiff amended his complaint by adding thereto paragraphs 22 and 23 and a third prayer for relief, which are in substance: The property of defendant for which plaintiff furnished material and labor is situate in Wilkes County, and that plaintiff has properly filed a notice of laborers' and materialmen's lien on such property in the office of the clerk of the superior court of Wilkes County within six months from the last day upon which materials and labor were furnished. His third prayer for relief is that the judgment be declared a lien on this property, and enforced according to law by a sale of the property.

Whereupon, defendant on 10 August 1960 before the time for answering had expired, and no extension of time for answering having been granted, filed a motion to remove the case for trial to Wilkes County as a matter of right. On 17 August 1960 plaintiff filed a motion for leave to amend his complaint by deleting therefrom paragraphs 22 and 23 and his third prayer for relief.

The two motions came on to be heard on 26 August 1960 by the clerk of the superior court of Guilford County, who entered an order in substance: It appeared to him that he must rule on the motion for a change of venue first, and it appeared to him that the proper venue of the action was Wilkes County. Whereupon, he declined to rule on plaintiff's motion, and ordered the action be removed to the superior court of Wilkes County for trial. From this order plaintiff appealed to the judge of the superior court.

The appeal came on to be heard by Judge Gwyn, who entered an order in substance as follows: Judge Gwyn found as a fact from arguments of counsel, facts admitted by counsel, and matters of record that the two motions were both pending before the clerk of the superior court regardless of the order in which they were filed, and both parties agreed that the two motions should be considered at the same time. He was of the opinion that the hearing before the clerk and before him constituted one transaction and one sitting, and that the two motions should be considered simultaneously. Whereupon, he ordered and decreed in his discretion that plaintiff's motion to amend his complaint by deleting therefrom any claim for a specific lien on defendant's property in Wilkes County be allowed, and that defendant's motion to remove the action to Wilkes County for trial be denied.

From this order defendant appealed.

*Douglas, Ravenel, Josey & Hardy and C. Kitchin Josey for plaintiff, appellee.*

*W. G. Mitchell and Smith, Moore, Smith, Schell & Hunter for defendant, appellant.*

PARKER, J. G.S. 1-76, subsections 1 and 3, read: "Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial in the cases provided by law: 1. Recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property. . . . 3. Foreclosure of a mortgage of real property."

Defendant's written motion for change of venue as a matter of right, by virtue of G.S. 1-76, subsections 1 and 3, having been made

before the time for answering expired, was made in apt time. G.S. 1-83; *Mortgage Co. v. Long,* 205 N.C. 533, 172 S.E. 209.

"As it relates to the Superior Court of North Carolina, venue refers to the county in which the action is to be tried." *Jones v. Brinson,* 238 N.C. 506, 78 S.E. 2d 334.

The venue of an action as fixed by statute is not jurisdictional, and may be waived by any party or changed by consent of the parties, express or implied. G.S. 1-83; *Teer Co. v. Hitchcock Corp.,* 235 N.C. 741, 71 S.E. 2d 54; *Jones v. Brinson, supra.*

The nature and purpose of plaintiff's action is to be determined by the allegations of his complaint. *Mortgage Co. v. Long, supra.* According to the allegations in plaintiff's complaint, and his amendment thereto, he is not only seeking a money recovery from defendant, but is also seeking to enforce his laborers' and materialmen's lien by a sale of defendant's property in Wilkes County.

*Penland v. Church,* 226 N.C. 171, 37 S.E. 2d 177, was a civil action instituted in Yancey County, where plaintiff resides, to recover an alleged balance due plaintiff on a contract for the construction of a church building for defendant in Mitchell County, and for an order directing the sale of the church property to satisfy the same which is secured by a laborers' and materialmen's lien duly filed in Mitchell County. In apt time defendant made a motion before the clerk of the superior court of Yancey County to remove the case to Mitchell County for trial by virtue of G.S. 1-76. The clerk granted the motion, and upon appeal the judge entered an order that Mitchell County was the proper venue for the trial of the action, and entered an order accordingly. Upon appeal the order of the lower court was affirmed. This Court said: "And we see no essential difference in so far as an interest in real property is involved, in an action to foreclose a mortgage, a lien created by contract, and in one to foreclose a specific statutory lien on real property."

*R. R. v. Thrower,* 213 N.C. 637, 197 S.E. 197, was a civil action instituted in Cumberland County by plaintiff, which had its principal place of business in Wilmington, New Hanover County, North Carolina, to recover of defendant, a resident of Mecklenburg County, the amount of an unpaid cheque. In apt time defendant duly filed a written motion to remove the action for trial to Mecklenburg County. Thereupon, plaintiff filed a motion that the Court retain the action in Cumberland County for that: "(2) The convenience of witnesses and the ends of justice would be promoted by retaining this action for the trial in this court, for the reason that": and the motion then sets out pertinent facts in support thereof. From an order denying defendant's motion for a change of venue, and in the court's discretion

retaining the case for trial in the superior court of Cumberland County for the convenience of witnesses and to promote the ends of justice, defendant appealed. This Court reversed the order of the trial judge. In its opinion it said: "Speaking to the subject in *Roberts v. Moore,* 185 N.C. 254, *Hoke, J.,* says: 'While it is clear from a perusal of section 470 (now G.S. 1-83) that this question of venue is not in the first instance jurisdictional, and may be waived by the parties, and the decisions construing the section so hold, these decisions are also to the effect that where the motion to remove is made in writing and in apt time, the question of removal then becomes a matter of substantial right, and the court of original venue is without power to proceed further in essential matters until the right of removal is considered and passed upon.' "

In *Huntley v. Express Co.,* 191 N.C. 696, 132 S.E. 786, defendant, in apt time, filed its petition and bond for removal of the action to federal district court for trial on the ground of diverse citizenship. Upon the hearing of the petition before the clerk, plaintiff was allowed to reduce the amount claimed in his complaint from $10,000.00 to $2,999.00, and the petition was denied. Defendant appealed to the judge, and on the hearing plaintiff was allowed, over defendant's objection, to take a voluntary nonsuit. Defendant appealed. This Court said: "The cause being a proper one for removal, and the petition and bond having been filed in apt time, it was error for the clerk or the judge of the State Court to enter any order therein, affecting the rights of the parties, save the order of removal. . . . When a sufficient cause for removal is made out in the State Court, the rightful jurisdiction of that court comes to an end, and no further proceedings can properly be had therein unless and until its jurisdiction has been restored." We refer to this case for the sole purpose of illustrating orders which substantially affect the rights of the parties. See also *Mason v. R. R.,* 214 N.C. 21, 197 S.E. 566.

In the case at bar plaintiff's motion to amend his complaint by deleting therefrom paragraphs 22 and 23 and his third prayer for relief followed defendant's motion to remove the case for trial to Wilkes County as a matter of right. The judge's order allowing plaintiff in his discretion to amend his complaint by deleting therefrom paragraphs 22 and 23 and his third prayer for relief substantially affected the rights of the parties, before defendant's motion for removal as a matter of right was considered and passed upon. In allowing such amendment the judge committed error, unless defendant had waived his right to have his motion for removal as a matter of right considered and passed upon first, or had consented to such procedure. We are concerned here with venue, not jurisdiction. The superior court

is one court having statewide jurisdiction. *Rhyne v. Lipscombe,* 122 N. C. 650, 29 S.E. 57; *Lovegrove v. Lovegrove,* 237 N.C. 307, 74 S.E. 2d 723.

Judge Gwyn found "as a fact from argument of counsel, facts admitted by counsel, and matters of record, that the plaintiff's motion to amend the complaint and the defendant's motion to remove as a matter of right were both pending before the clerk of superior court regardless of the order in which the said motions were filed; *and both parties had agreed that the two motions should be considered at the same time.*" Judge Gwyn's opinion, as expressed in his order, that the two motions should be considered simultaneously was error, but defendant consented that he should so consider the two motions.

Defendant did not except to these findings of fact. Defendant has one exception and one assignment of error, and that is: "That the court below erred in entering and signing the order as appears in the record for that the defendant, as a matter of right, was entitled to have this case removed to Wilkes County for the purpose of trial."

In *Mortgage Co. v. Long,* 206 N.C. 477, 174 S.E. 312, plaintiff's counsel was held entitled to notice of defendant's application for judgment on the certificate of the Supreme Court reversing judgment of the lower court refusing defendant's motion for change of venue as a matter of right, so that nonsuit might be entered if plaintiff so desired.

In our opinion, when defendant agreed before Judge Gwyn that the two motions should be considered at the same time, he waived his right to have his motion for removal as a matter of right considered and passed upon first. G.S. 1-163 vests in the judge presiding almost unlimited authority to permit amendments, either before or after judgment. *Dobias v. White,* 240 N.C. 680, 83 S.E. 2d 785. Pursuant to the agreement of plaintiff and defendant that the two motions should be considered at the same time, Judge Gwyn, in his discretion, entered an order allowing plaintiff to amend his complaint, and to strike out and delete any claim for a specific lien on defendant's property in Wilkes County, and then denied defendant's motion for removal. Such a discretionary ruling on a motion to amend the complaint is not reviewable on appeal, unless there has been a manifest abuse of discretion, and no such abuse of discretion appears here. *Sawyer v. Cowell,* 241 N.C. 681, 86 S.E. 2d 431. When Judge Gwyn allowed plaintiff's motion to amend, the basis for defendant's motion to remove the case to Wilkes County for trial as a matter of right was annihilated, and was annihilated by defendant's agreement before Judge Gwyn, for the reason that G.S. 1-76, subsections 1 and 3, no longer had any application.

The order of Judge Gwyn is

Affirmed.