LEWIN D. MITCHELL v. IRA JONES, ALFRED N. GRAY, GLASGOW & DAVIS COMPANY, AND WILLIE LEE RADFORD.

(Filed 12 January, 1968.)

1. **Venue § 2—**

Where none of the parties to an action for personal injury resides in the State, the suit may be tried in any county designated by the plaintiff; where plaintiff is a nonresident and any defendant is a resident, the action must be tried in the county in which the defendant resides. G.S. 1-82.

2. **Venue § 1—**

Where plaintiff fails to bring suit in the proper county, defendant waives the right to remove the cause to the proper venue unless he demands in writing before time for answer has expired that the venue be changed. G.S. 1-83.

3. **Venue § 7—**

When demand for change of venue as a matter of right is made in apt time and in the required manner, the court has no discretion as to the removal.

4. **Trial § 29—**

When the defendant has asserted no counterclaim and demanded no affirmative relief, the plaintiff may take a voluntary nonsuit as a matter of right at any time before the verdict.

5. **Same; Venue § 7— Voluntary nonsuit as to resident defendant deprives nonresident of right to demand change of venue.**

Plaintiff, a nonresident, commenced an action in one county to recover for personal injuries; a resident defendant, together with a nonresident defendant, moved as a matter of right and in apt time that the cause be removed to the county of the resident defendant; thereafter, and prior to the hearing on the defendants' motion, plaintiff took a voluntary nonsuit as to the resident defendant, and the motion to change the venue was subsequently denied. *Held:* Plaintiff's voluntary nonsuit as to the resident defendant was properly taken, and the nonresident defendant thereafter had no standing to demand a change of venue as a matter of right.

**6. Venue § 8—**

The denial of a nonresident's motion to remove the action to another county as a matter of right does not preclude the defendant from thereafter moving that the cause be removed to another county for the convenience of witnesses, but such motion is addressed to the discretion of the court. G.S. 1-83(2).

APPEAL by defendants Jones and Gray from *Copeland, S.J.,* June 1967 Non-Jury Civil Session of WAKE.

Plaintiff commenced this action in Wake County on 8 March 1967 to recover for personal injuries sustained on 11 March 1964 in a highway accident near Lucama in Wilson County. In his complaint, plaintiff, a resident of Maryland, alleges that defendants Jones and Gray are citizens of Virginia; that defendant Radford is a resident of Maryland; and that the Glasgow and Davis Company is a foreign corporation with its principal place of business in Salisbury, Maryland. These allegations were correct except as to defendant Gray; at the time of the institution of the action, he was a resident of Edgecombe County, North Carolina.

On 10 April 1967, defendants Jones and Gray filed a motion, "made as a matter of right," that the cause be removed from Wake County to Edgecombe, the county of defendant Gray's residence. On 18 May 1967, prior to the hearing on the motion, plaintiff took a voluntary nonsuit as to defendant Gray, and the clerk entered a judgment dismissing the action as to him. Thereafter, on the same day, the clerk denied the motion for removal upon the ground that it had become moot, since defendant Gray was no longer a party-defendant.

Defendants appealed to the judge of the Superior Court, who heard the matter *de novo.* G.S. 1-583. Judge Copeland found the facts as detailed above and concluded as a matter of law that the judgment of nonsuit had rendered the motion moot as to defendant Gray and that defendant Jones, a nonresident of this State, had no standing to demand a change of venue. He thereupon denied their motions to remove the action to Edgecombe County. Both defendants excepted and appealed.

*Smith, Leach, Anderson & Dorsett by Henry A. Mitchell, Jr., for plaintiff appellee.*

*Gardner, Connor & Lee by Cyrus F. Lee for defendant appellants.*

SHARP, J. If none of the parties to an action for personal injuries resides in the State at the time of its commencement, it may be tried in any county designated by the plaintiff in his summons and complaint. If the plaintiff is a nonresident and any defendant is a

resident of the State, the action must be tried in the county in which that defendant resided at the time suit was instituted. G.S. 1-82. Should, however, the plaintiff not bring the suit in the proper county, the defendant will waive his right to have it tried there unless, before the time for answering expires, he demands in writing that the trial be conducted in the proper county. G.S. 1-83. When demand is made in apt time, and in the required manner, the court has no discretion as to removal. *Casstevens v. Membership Corp.*, 254 N.C. 746, 120 S.E. 2d 94; *Teer Co. v. Hitchcock Corp.*, 235 N.C. 741, 71 S.E. 2d 54; *Palmer v. Lowe*, 194 N.C. 703, 140 S.E. 718; *Roberts v. Moore*, 185 N.C. 254, 116 S.E. 728; 1 McIntosh, N. C. Practice and Procedure § 832 (2d Ed. 1956).

Defendant Gray's motion (in which defendant Jones joined) was made in writing. The parties and the court below treated it as having been timely made, and we do likewise. Clearly, but for the judgment of nonsuit, which dismissed defendant Gray from the action prior to the ruling on the motion to remove, he would have been entitled to the change of venue which he demanded. It is the contention of appellants, however, that the Clerk of the Superior Court of Wake County was without power after the motion for removal had been filed "to proceed further in essential matters" until the motion had been determined. This contention has no merit. The taking of the voluntary nonsuit was the act of plaintiff and not that of the court. When the defendant has asserted no counterclaim and demanded no affirmative relief, the plaintiff may take a voluntary nonsuit as a matter of right at any time before the verdict. *Insurance Co. v. Walton*, 256 N.C. 345, 123 S.E. 2d 780; *Sink v. Hire*, 210 N.C. 402, 186 S.E. 494; 4 Strong, N. C. Index, Trial § 29 (1961). "So long as he is merely a plaintiff, the Court has no means by which he can be compelled to appear and prosecute the suit against his will, and no injury can result from allowing him to abandon it." Rodman, J., in *McKesson v. Mendenhall*, 64 N.C. 502, 504.

In *Harvey v. Rich*, 98 N.C. 95, 3 S.E. 912, the plaintiff instituted suit in Lenoir County against Rich, the sheriff of Buncombe County, and three others on a cause of action growing out of a levy upon the plaintiff's stock of goods. The defendants made a motion to remove the case to Buncombe County under § 191 of the Code (now G.S. 1-77). "A *nolle prosequi* was entered by the plaintiff as to the said sheriff." Whereupon the judge refused the motion. Upon appeal, this Court, speaking through Smith, C.J., said: "[T]he *nolle prosequi* having separated them (the defendants) and the officer being no longer in the suit, we see no reason why it may not proceed against the others as if he had never been a party, when done in proper

time. We therefore affirm the judgment, refusing the motion to remove." *Id.* 96-97, 3 S.E. at 912.

It has also been held that a plaintiff is entitled to take a nonsuit at the time of a defendant's application for judgment on the certificate of the Supreme Court reversing an order of the Superior Court denying defendant's motion for a removal as a matter of right. In *Mortgage Co. v. Long,* 206 N.C. 477, 174 S.E. 312, the plaintiff instituted in Wake County an action on a note secured by a deed of trust on land in Forsyth County. As a matter of right, the defendants moved for a change of venue to Forsyth County. The judge's ruling denying the motion was reversed on appeal. Before the opinion was certified to the Superior Court of Wake County, the plaintiff took a voluntary nonsuit before the clerk. Thereafter, without notice to the plaintiff, the judge, who had knowledge of the nonsuit, entered a judgment on the mandate of the Supreme Court in which he directed the clerk to transfer the case to Forsyth County. Immediately thereafter, the defendant filed a counterclaim against the plaintiff, who appealed. This Court, speaking through Stacy, C.J., rendered the following opinion:

"Conceding, without deciding, that the judgment of voluntary nonsuit taken before the clerk was ineffectual, because entered prior to receipt of opinion from this Court . . . still it would seem that plaintiff's counsel was entitled to notice of application for judgment on the certificate, so that nonsuit might then be entered before the judge, if the plaintiff so desired. . . . This right will yet be accorded. Error." *Id.* at 477-78, 174 S.E. at 312 (citations omitted). See *Casstevens v. Membership Corp., supra* at 751, 120 S.E. 2d at 97.

Plaintiff had an absolute right to take a nonsuit as to Gray, who could not complain that the action against him had been dismissed. With Gray removed from the case, it proceeded as if he had never been a party, and defendant Jones had no standing to demand a change of venue to the county of Gray's residence. *Allen-Fleming Co. v. R. R.,* 145 N.C. 37, 58 S.E. 793; *Harvey v. Rich, supra.*

The order of Judge Copeland denying defendants' motion to remove this cause to Edgecombe County is upheld. The defendants who remain in the case, however, still have the right to file a motion to remove the cause to another county for the *convenience of witnesses.* G.S. 1-83(2). Such a motion, if interposed, will be addressed to the discretion of the court. *Teer Co. v. Hitchcock Corp., supra; R. R. v. Thrower,* 213 N.C. 637, 197 S.E. 197; *Riley v. Pelletier,* 134 N.C. 316, 46 S.E. 734.

As to defendant Gray, appeal dismissed.

As to defendant Jones, affirmed.